463 So.2d 311 (1984)
David Michael SUMMERS, Appellant,
v.
STATE of Florida, Appellee.
Nos. AT-36, AX-267.
District Court of Appeal of Florida, First District.
December 19, 1984.
Rehearing Denied February 27, 1985.
Robert Augustus Harper, Jr., and John R. Perry, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Greg Smith, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
This is an appeal from a denial of a motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. As ground for relief appellant alleged that his guilty plea to a charge of sexual battery was not made voluntarily or with an understanding of the nature of the charge, due to ineffective assistance of counsel. We affirm.
By a four-count information, the state charged appellant with burglary with a firearm, kidnapping, sexual battery with a firearm, and aggravated assault with a firearm. Appellant was represented at the preliminary proceedings and in the plea bargaining process by out-of-state counsel retained by his parents. On advice of counsel, appellant pled guilty to the Count III charge of sexual battery, in return for the state's agreement to enter a nolle prosequi to Counts I, II, and IV.
As support for his motion for post-conviction relief, appellant maintains that he and his family were persuaded that he should plead guilty, because his attorney advised that appellant was facing a possible death penalty if he did not accept the state's plea negotiation. At the hearing on the 3.850 motion, appellant's wife and mother both testified that they were convinced appellant faced the electric chair unless he pled guilty. Appellant's counsel acknowledged that he used the terms "capital punishment" *312 and "capital felony" in his discussions with appellant and appellant's family. Counsel explained that his references to "capital" offenses were an attempt to convey the seriousness of the offenses with which appellant had been charged.
The most recent United States Supreme Court pronouncement with regard to ineffective assistance of counsel appears in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Strickland the court held there are two components to an ineffective assistance of counsel claim: (1) the defendant must show that counsel's performance was deficient, and (2) the defendant must show that the deficient performance prejudiced the defense. To prevail on a claim of prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., 104 S.Ct. 2064.
In this state, ineffective assistance of counsel claims have been assessed by the standards set out in Knight v. State, 394 So.2d 997 (Fla. 1981), in which the Florida Supreme Court adopted the principles of United States v. De Coster, 624 F.2d 196 (D.C. Cir.1979) (en banc). After the issuance of Strickland, Justice Adkins, writing for the Florida Supreme Court, said: "[w]e are of the opinion that [the Strickland] test does not differ significantly with the Knight standard of `a likelihood that the deficient conduct affected the outcome of the court proceedings.'" Jackson v. State, 452 So.2d 533, 535 (Fla. 1984). See also: Dobbert v. State, 456 So.2d 424 (Fla. 1984).
A careful reading of the record in this case indicates there was a degree of miscommunication between appellant and his counsel. We note that the trial court indicated some reservation about the quality of representation provided appellant. Still, the trial court felt, and we agree, that the representation did not affect the voluntariness of appellant's guilty plea. This record reflects that appellant and his family were informed fully by the trial court of the maximum possible sentences appellant faced on each of the charges. When appellant moved to withdraw his plea of not guilty in order to enter a plea of guilty to the charge of sexual battery only, the trial court scrupulously questioned him as to his understanding of the nature of the plea and all its ramifications. We find that on these facts the miscommunication did not constitute a "substantial and serious deficiency" as contemplated by Knight, at 1001. Nor did the miscommunication so affect the proceeding that but for the failure of appellant and his counsel to communicate effectively "the result of the proceeding would have been different." Strickland, 104 S.Ct. at 2068.
The first change of plea proceeding was held Friday, February 18, 1983. At that time the trial court neglected to instruct appellant on the mandatory minimum 3-year sentence due to the use of a firearm, as charged in Count III. Appellant was returned to court on Monday, February 21, 1983, for correction of this oversight. On Monday the trial court asked appellant if his attorney had explained the mandatory minimum sentence. Appellant replied that his attorney had not, so the trial court did so  and also gave appellant the opportunity to withdraw his plea.
We find that any possible prejudice appellant incurred as a result of his counsel's failure to inform himself adequately on the applicable Florida law was cured by the meticulous care taken by the trial court at the plea colloquy. The trial court informed appellant of the maximum sentence for the offense charged, and afforded appellant an opportunity to withdraw his plea due to the prior failure to inform concerning the minimum mandatory 3-year sentence. The denial of appellant's 3.850 motion alleging ineffective assistance of counsel is affirmed.
WIGGINTON and BARFIELD, JJ., concur.