536 So.2d 992 (1988)
In re AMENDMENTS TO FLORIDA RULES OF CRIMINAL PROCEDURE.
No. 72468.
Supreme Court of Florida.
November 3, 1988.
Revisions Approved December 30, 1988.
Rutledge R. Liles, President, Jacksonville, Stephen N. Zack, President-elect, Miami, Gerald Thomas Bennett, Chairman, Crim. Procedure Rules Committee, Gainesville, and John F. Harkness, Jr., Executive Director, Tallahassee, for petitioner, The Florida Bar.
Richard A. Belz, Executive Director, Florida Institutional Legal Services, Inc., Gainesville, responding.

REVISED OPINION
PER CURIAM.
The Florida Bar Rules of Criminal Procedure Committee has petitioned this Court to consider proposed amendments to the Florida Rules of Criminal Procedure pursuant to Florida Rule of Judicial Administration 2.130. In addition, this Court has submitted two proposed rule amendments for consideration. We have jurisdiction. Art. V, § 2(a), Fla. Const.
The rule changes proposed by the committee, and approved by the Court are intended, inter alia, to conform the Florida Rules of Criminal Procedure to the 1985 enactment of the "Florida Mental Health Act" amending chapters 394 and 916 of Florida Statutes. The rule changes replace the term "competence to stand trial" with "incompetence to proceed," and also amend the standards to be applied to that determination. The intended effect of the amendments is to avoid tying mentally ill or deficient defendants in the criminal justice system to civil commitment procedures.
The rule changes proposed by the Court concern the pretrial detention of defendants as well as requiring additional plea colloquy when a defendant pleads guilty or nolo contendere.
Rule 3.133 is amended to provide for pretrial release for defendants who have not been charged in an indictment or information within thirty days of being taken into custody.
Rule 3.172(c)(viii) is added to require judges presiding at plea colloquies to inform the defendant pleading guilty or nolo contendere that, if they are not a United States citizen, their plea subjects them to deportation subject to the laws and regulations of the Immigration and Naturalization Service. However, in order to protect the defendant's due process rights, the judge shall not be required to inquire as to whether the defendant is a United States citizen.
We hereby adopt these amendments to the Florida Rules of Criminal Procedure. *993 Appended to this opinion are the amended and new Florida Rules of Criminal Procedure. Deletions are indicated by use of struck-through type. New language is indicated by underscoring. All rules and statutes in conflict with the following rules are hereby superceded as of the effective date of these rules. The committee notes are not adopted by the Court. These amendments shall become effective January 1, 1989, at 12:01 a.m.
It is so ordered.
EHRLICH, C.J., and SHAW, BARKETT and KOGAN, JJ., concur.
GRIMES, J., concurs with an opinion, in which SHAW and KOGAN, JJ., concur.
OVERTON, J., concurs in part and dissents in part with an opinion, in which McDONALD, J., concurs.

APPENDIX
Rule 3.133 Pretrial Probable Cause Determinations and Adversary
Preliminary Hearings
 (b) Adversary Preliminary Hearings
 (6) Pretrial Detention. In the event that the defendant remains
in custody and has not been charged in an information or
indictment within 30 days from the date of his or her arrest or
service of capias upon him or her, he or she shall be released
from custody on their own recognizance on the 30th day unless the
state can show good cause why the information or indictment has
not been filed. If good cause is shown the state shall have 10
additional days to obtain an indictment or file an information.
If the defendant has not been so charged within this time he or
she shall be automatically released on his or her own
recognizance. In no event shall any defendant remain in custody
beyond 40 days unless he or she has been charged with a crime by
information or indictment.
Rule 3.172 Acceptance of Guilty or Nolo Contendere Plea
 (c)(viii) That if he or she pleads guilty or nolo contendere
the trial judge must inform him or her that, if he or she is not
a United States citizen, the plea may subject him or her to
deportation pursuant to the laws and regulations governing the
United States Naturalization and Immigration Service. It shall
not be necessary for the trial judge to inquire as to whether the
defendant is a United States citizen, as this admonition shall be
given to all defendants in all cases.
RULE 3.040. COMPUTATION OF TIME
 In computing any period of time prescribed or allowed by these
rules, except Rule 3.130 and 3.131, by order of court, or by
any applicable statute, the day of the act or event from which
the designated period of time begins to run is not to be
included. The last day of the period so computed shall be
counted, unless it is Saturday, Sunday or a legal holiday, in
which event the period shall run until the end of a the next
day which is neither a Saturday, Sunday nor a legal holiday. When
the period of time prescribed or allowed shall be less than 7
days, intermediate Saturdays, Sundays and legal holidays shall be
excluded in the computation, except for the periods of time of
less than 7 days contained in Rules 3.130, 3.132(a) and (c), and
3.133(a).
1988 Amendment:
 The 1983 amendments resulted in the reallocation of the time
periods in Rule 3.131 to Rule 3.133, and also added important
5-day period in the new rule regarding pretrial detention in Rule
3.132.
Rule 3.133. PRETRIAL PROBABLE CAUSE DETERMINATIONS AND ADVERSARY
 PRELIMINARY HEARINGS
 (b) Adversary Preliminary Hearings
 (6) Pretrial Detention. In the event that the defendant
remains in custody and has not been charged in an information or
indictment within 30 days from the date of his or her arrest or
service of capias upon him or her, he or she shall be released
from custody on their own recognizance on the 30th day unles the
state can show good cause why the information or indictment has
not been filed. If good cause is shown the state shall have 10
additional days to obtain an indictment or file an information.
*994 If the defendant has not been so charged within this time, he or
she shall be automatically released on his or her own
recognizance. In no event shall any defendant remain in custody
beyond 40 days unless he or she has been charged with a crime by
information or indictment.
RULE 3.172. ACCEPTANCE OF GUILTY OR NOLO CONTENDERE PLEA
 (c)(viii) That if he or she pleads guilty or nolo contendere
the trial judge must inform him or her that, if he or she is
not a United States citizen, the plea may subject him or her to
deportation pursuant to the laws and regulations governing the
United States Naturalization and Immigration Service. It shall
not be necessary for the trial judge to inquire as to whether the
defendant is a United States citizen, as this admonition shall be
given to all defendants in all cases.
 INTRODUCTORY NOTE RELATING TO AMENDMENTS TO RULES 3.210 TO
3.219.
 In 1985, the Florida Legislature enacted amendments to Part I
of Chapter 394, the "Florida Mental Health Act," and substantial
amendments to Chapter 916 entitled "Mentally Deficient and
Mentally Ill Defendants." The effect of the amendments is to
avoid tying mentally ill or deficient defendants in the criminal
justice system to civil commitment procedures in the "Baker Act."
Reference to commitment of a criminal defendant found not guilty
by reason of insanity has been removed from Section 394.467,
Florida Statutes. Chapter 916 now provides for specific
commitment criteria of mentally ill or mentally retarded criminal
defendants who are either incompetent to proceed or who have been
found not guilty by reason of insanity in criminal proceedings.
 In part, the following amendments to Rules 3.210 to 3.219 are
designed to reflect the 1985 amendments to Chapters 394 and 916.
 Florida judges on the criminal bench are committing and HRS
mental health treatment facilities are admitting and treating
those mentally ill and mentally retarded defendants in the
criminal justice system who have been adjudged incompetent to
stand trial and defendants found to be incompetent to proceed
with violation of probation and community control proceedings.
Judges are also finding such defendants not guilty by reason of
insanity and committing them to HRS for treatment yet there were
no provisions for such commitments in the rules.
 Some of the amendments to Rules 3.210 to 3.219 are designed to
provide for determinations of whether or not a defendant is
mentally competent to proceed in any material stage of a criminal
proceeding, and provide for community treatment or commitment to
the Department of Health and Rehabilitative Services when a
defendant meets commitment criteria under the provisions of
Chapter 916 as amended in 1985.
RULE 3.210. COMPETENCE INCOMPETENCE TO STAND TRIAL PROCEED:
 PROCEDURE FOR RAISING THE ISSUE
 (a) A person accused of a crime an offense or a violation of
probation or community control who is mentally incompetent to
stand trial proceed at any material stage of a criminal
proceeding shall not be proceeded against while he is
incompetent.
 (1) A "material stage of a criminal proceeding" shall include
the trial of the case, pre-trial hearings involving questions of
fact on which the defendant might be expected to testify, entry
of a plea, violation of probation or violation of community
control proceedings, sentencing, hearings on issues regarding
a defendant's failure to comply with court orders or conditions,
or other matters where the mental competence of the defendant is
necessary for a just resolution of the issues being considered.
The terms "competent", "competence", incompetent", and
"incompetence", as used in rules 3.210-3.219, shall refer to
mental competence or incompetence to proceed at a material stage
of a criminal proceeding.
 (2) The incompetence of the defendant shall not preclude such
judicial action, hearings on motions of the parties, discovery
proceedings, or other procedures which do
*995 not require the personal participation of the defendant.
 (b) If, before or during the trial at any material stage of
a criminal proceeding, the court of its own motion, or upon
motion of counsel for the defendant or for the State, has
reasonable ground to believe that the defendant is not mentally
competent to stand trial proceed, the court shall immediately
enter its order setting a time for a hearing to determine the
defendant's mental condition, which shall be held no later than
20 days after the date of the filing of the motion, and shall
order the defendant to be examined by no more than three, nor
fewer than two, experts prior to the date of said hearing.
Attorneys for the State and the defendant may be present at the
examination.
 (1) A written motion for such examination made by counsel for
the defendant shall contain a certificate of counsel that the
motion is made in good faith and on reasonable grounds to believe
that the defendant is incompetent to stand trial proceed. To
the extent that it does not invade the lawyer-client privilege,
the motion shall contain a recital of the specific observations
of and conversations with the defendant which have formed the
basis for such motion.
 (2) A written motion for such examination made by counsel for
the State shall contain a certificate of counsel that the motion
is made in good faith and on reasonable grounds to believe the
defendant is incompetent to stand trial proceed, and shall
include a recital of the specific facts which have formed the
basis for such motion, including a recitation of the observations
of and statements of the defendant which have caused the State to
file such motion.
 (3) If the defendant has been released from custody on a
pre-trial bail or other release provision, the court may order
the defendant to appear at a designated place for evaluation at a
specific time as a condition of such release provision. If the
court determines that the defendant will not submit to the
evaluation provided for herein, or that the defendant is not
likely to appear for the scheduled evaluation, the court may
order the defendant taken into custody if he is not already in
custody, until the determination of his competency to proceed.
A motion made for evaluation under this subsection shall not
otherwise affect the defendant's right to pre-trial release.
 (4) The order appointing experts shall:
 (i) Identify the purpose or purposes of the evaluation,
including the nature of the material proceeding, and specify
the area or areas of inquiry which should be addressed by the
evaluator;
 (ii) Specify the legal criteria to be applied; and
 (iii) Specify the date by which the report should be submitted
and to whom the report should be submitted.
1988 Amendment:
 Title. The title is amended to reflect change in subsection
(a)(1) below which broadens the issue of competency in criminal
proceedings from the narrow issue of competency to stand trial to
competency to proceed at any material stage of a criminal
proceeding.
 (a) This provision is broadened to prohibit proceeding against
a defendant accused of a criminal offense or a violation of
probation or community control and is broadened from competency
to stand trial to competency to proceed at any material stage of
a criminal proceeding as defined in subsection (1) below.
 (1) This new provision defines a material stage of a criminal
proceeding when an incompetent defendant may not be proceeded
against. This provision includes competence to be sentenced which
was previously addressed in Rule 3.740 and is now addressed with
more specificity in the new 3.214. Under the Florida Supreme
Court decision of Jackson v. State, 452 So.2d 533 (Fla. 1984),
this definition would not apply to a motion under Rule 3.850.
 (2) This new provision allows certain matters in a criminal
case to proceed, even if a defendant is determined to be
incompetent, in areas not requiring the personal participation of
the defendant.
*996 (b) This provision is amended to reflect the changes in
subsection (a) above.
 (1) Same as above.
 (2) Same as above.
 (3) Same as above. This provision also changes the phrase "... released from custody on a pre-trial release provision... ."
to "released on bail or other release provision... ." because
the term "custody" is subject to several interpretations.
 (4) This new provision is designed to specify and clarify in
the order appointing experts, the matters the appointed experts
are to address, and to specify when and to whom their reports are
to be submitted. Court-appointed experts often do not understand
the specific purpose of their examination or the specifics of the
legal criteria to be applied. Specifying to whom the experts'
reports are to be submitted is designed to avoid confusion.
RULE 3.211. COMPETENCE TO PROCEED: SCOPE OF EXAMINATION AND
 REPORT
 (a) Upon appointment by the court, the experts shall prior
to the hearing examine the defendant with respect to the issue
of competency to stand trial proceed, as specified by the
court in its order appointing the experts to evaluate the
defendant, and shall evaluate the defendant as ordered. and
shall report to the court, in writing, at such time as shall be
specified by the court, with copies to attorneys for the State
and the defense, setting forth the results of such examination.
If the court determines that there is reason to believe that the
defendant may require involuntary hospitalization the court shall
also order the experts to include in their report a report on
issues of involuntary hospitalization. The experts shall consider
the following issues, each of which shall be specifically
addressed in the report.
 (1) The experts shall first consider factors related to the
issue of whether the defendant meets the statutory criteria
for competence to stand trial proceed, that is, whether the
defendant has sufficient present ability to consult with his
lawyer with a reasonable degree of rational understanding and
whether he has a rational, as well as factual, understanding of
the proceedings against him.
 (2) In considering the issue of competence to stand trial
proceed, the examining experts shall consider and include in
their report, but are not limited to, an analysis of the mental
condition of the defendant as it affects each of the following
factors and any others deemed relevant by the experts:
The defendant's capacity to:
 (i) Defendants Appreciate of the charges or
allegations against him;
 (ii) Defendant's Appreciate of the range and nature of
possible penalties, if applicable, which may be imposed in the
proceedings against him;
 (iii) Defendant's Understanding of the adversary nature
of the legal process;
 (iv) Defendant's capacity to Disclose to his attorney
pertinent facts pertinent to the proceedings at issue
surrounding the alleged offense;
 (v) Defendant's ability to relate to attorney;
 (vi) Defendant's ability to assist attorney in planning
defense;
 (vii) Defendant's capacity to realistically challenge
prosecution witnesses;
 (v) Defendant's ability to Manifest appropriate courtroom
behavior;
 (vi) Defendant's capacity to Testify relevantly.
 (x) Defendant's motivation to help himself in the legal
process;
 (xi) Defendant's capacity to cope with the stress of
incarceration prior to trial.
 (b) If ordered by the court to report on the issues of
involuntary hospitalization, the experts shall then consider
whether the defendant meets the criteria for involuntary
hospitalization set forth by law.
 (b) If the experts should find that the defendant is
incompetent to proceed, the experts shall report on any
recommended treatment for the defendant to attain competence to
proceed.
 (1) In determining considering the issues of involuntary
hospitalization relating to
*997 treatment, the examining experts shall consider and include
in their report an analysis of on the following factors:
 (i) The nature and extent of the mental illness or mental
retardation causing the incompetence suffered by the
defendant;
 (ii) The treatment or treatments appropriate for the mental
illness or mental retardation of the defendant, and an
explanation of each of the possible treatment alternatives in
order of choices;
 (iii) The availability of acceptable treatment. If treatment
is available in the community, the expert shall so state in the
report;
 (iv) The likelihood of the defendant attaining competence
under the treatment recommended, an assessment of the probable
duration of the treatment required to restore competence, and
the probability that the defendant will attain competence to
proceed in the foreseeable future.
 (ii) Whether the defendant, because of such mental illness or
mental retardation, meets the criteria for involuntary
hospitalization or placement set forth by law;
 (iii) Whether there is a substantial probability that the
defendant will attain competence to stand trial within the
foreseeable future;
 (iv) The nature of the care and treatment to be afforded the
defendant and its probable duration;
 (v) Alternatives other than involuntary hospitalization which
might be less restrictive on the defendant's liberty.
 (c) If a notice of intent to rely on the defense of insanity
has been filed prior to trial or a hearing on a violation of
probation or community control, and when so ordered by the
court, the experts shall report on the issue of the defendant's
sanity at the time of the offense.
 (d) The court shall require such report to be ona standardized
form if such form has been approved by the chief judge of the
circuit.
 (d) Any written report submitted by the experts shall contain
the following:
 (1) The report shall identify the specific matters referred
for evaluation.
 (2) The report shall describe the evaluative procedures,
techniques and tests used in the examination and the purpose or
purposes for each.
 (3) The report shall state the expert's clinical
observations, findings and opinions on each issue referred for
evaluation by the court, and indicate specifically those
issues, if any, on which the expert could not give an
opinion.
 (4) The report shall identify the sources of information used
by the expert and present the factual basis for the expert's
clinical findings and opinions.
 (e) The information contained in any motion by the defendant
for determination of competency to proceed or in any report of
experts filed under this section insofar as such report relates
solely to the issues of competency to proceed stand trial
and involuntary hospitalization commitment and any
information elicited during a hearing on competency or to
proceed or commitment involuntary hospitalization held
pursuant to this Rule, shall be used only in determining the
mental competency to stand trial proceed or the commitment or
other treatment of the defendant of the involuntary
hospitalization of the defendant.
 The defendant may waives this provision by using the
report, or parts portions thereof, in any proceeding for any
other purpose, in which case disclosure and use of the report,
or any portion thereof, shall be governed by applicable rules of
evidence and rules of criminal procedure. If a part of the
report is used by the defendant, the State may request the
production of any other portion of that report which, in
fairness, ought to be considered.
 Cf, section 90.108, Florida Statutes (1976), Rule 1.330(6)
Florida Rules Civil Procedure.
 1988 Amendment:
 Title. The title is amended to reflect changes in 3.210.
 (a) This section, which was originally an introductory
paragraph, is amended to reflect
*998 changes in 3.210. The deletions related to the extent of the
evaluation and when and to whom the experts' reports are to be
submitted have been placed in 3.210(4) above.
 (1) This provision, which was formerly subsection (a) has been
amended to reflect changes in 3.210 above.
 (2) This provision has been amended to reflect the changes to
3.210. In addition, the eleven factors previously numbered (i)
through (xi) have been reduced to six factors. Numbers (v), (vi),
(vii), (x), and (xi) have been removed. Those five factors were
felt to not be directly related to the issue of a defendant
having the mental capacity to communicate with his attorney or to
understand the proceedings against him and may have had the
effect of confusing the issues the experts are to address in
assessing a defendant's competency to proceed. The terms
"ability" and "capacity" which were used interchangeably in the
prior version of this provision have been changed to the single
term "capacity" for continuity. A provision has been added which
allows the appointed expert to also include any other factors
deemed relevant to take into account different techniques and
points of view of the experts.
 (b) This provision, including its four subsections, is amended
to reflect the changes in 3.210. It also expands the
determination from the limited area of whether an incompetent
defendant should be voluntarily committed to treatment to
recommended treatment options designed to restore or maintain
competence. Subsection (v) has been deleted because consideration
of less restrictive alternatives is addressed in other amendments
[See: 3.212(c)(3)(iv)]. The amendments further reflect 1985
legislative amendments to Chapters 394 and 916.
 (ii) Appropriate treatment may include maintaining the
defendant on psychotropic or other medication. See Rule 3.215.
 (c) This provision is amended to take into account the defense
of insanity both at trial and in violation of probation/community
control hearings.
 (d) This provision deletes the old language relating to the use
of standardized forms. The new provision, with its four
subsections, outlines in detail what the written report of an
expert is to include, to ensure the appointed expert understands
what issues are to be addressed, identify sources of information,
tests or evaluation techniques used, and the findings and
observations upon which the expert's opinion is based. It
requires the expert to specify those issues on which the expert
could not render an opinion.
 (e) This provision is amended to comply with changes in Rule
3.210. In addition, the second paragraph has been expanded to
clarify under what circumstances the reports of experts in a
competency evaluation may be discovered by the prosecution and
used as evidence in a hearing other than the hearing on the issue
of a defendant's competency to proceed.
RULE 3.212. COMPETENCE TO STAND TRIAL PROCEED: HEARING AND
 DISPOSITION
 (a) The experts preparing the reports may be called by either
party or the court, and additional evidence may be introduced by
either party. The experts appointed by the court shall be deemed
court witnesses whether called by the court or either party and
may be examined as such by either party.
 (a)(b) The court shall first consider the issue of the
defendant's competence to stand trial proceed. If the court
finds the defendant competent to stand trial proceed, the
court shall enter its order so finding and shall proceed to
trial.
 (b) If, at the hearing the court determines that the defendant
is not mentally competent to stand trial, the court shall
consider the issue of involuntary hospitalization of the
defendant if examination into that issue has been previously
ordered.
 (1) If the court decides that a defendant is not mentally
competent to stand trial and meets the criteria for involuntary
hospitalization set forth by law, it shall order the defendant to
be transferred to a treatment facility as defined in Florida
Statutes, or may order that he receive outpatient service on an
involuntary basis. Such involuntary
*999 hospitalization or treatment shall be subject to all provisions
of Florida Statutes not in conflict herewith.
 (c) If the court finds the defendant is incompetent to
proceed, or that the defendant is competent to proceed but that
the defendant's competence depends on the continuation of
appropriate treatment for a mental illness or mental retardation,
the court shall consider issues relating to treatment necessary
to restore or maintain the defendant's competence to proceed.
 (1) The court may order the defendant to undergo treatment if
the court finds that the defendant is mentally ill or mentally
retarded, is in need of treatment, and that treatment
appropriate for the defendant's condition is available. If the
court finds that the defendant may be treated in the community on
bail or other release conditions, the court may make acceptance
of reasonable medical treatment a condition of continuing such
bail or other release conditions.
 (2) If the defendant is incarcerated, the court may order
treatment to be administered at the custodial facility, or may
order the defendant transferred to another facility for treatment
or may commit the defendant as provided in subparagraph (3)
below.
 (3) A defendant may be committed for treatment to restore a
defendant's competence to proceed if the court finds:
 (i) That the defendant meets the criteria for commitment as
set forth by statute.
 (ii) That there is a substantial probability that the mental
illness or mental retardation causing the defendant's
incompetence will respond to treatment and that the defendant
will regain competency to proceed in the reasonably foreseeable
future.
 (iii) That treatment appropriate for restoration of the
defendant's competence to proceed is available.
 (iv) That no appropriate treatment alternative less
restrictive than that involving commitment is available.
 (2)(4) If the court commits the defendant, the order of
commitment shall contain the following:
 (i) Findings of fact relating to the issues of competency and
involuntary hospitalization commitment addressing the factors
set forth in Rule 3.211 above where applicable;
 (ii) Copies of the reports of the experts filed with the court
pursuant to the order of examination;
 (iii) Copies of any other psychiatric, psychological or
social work reports submitted to the court relative to the mental
state of the defendant;
 (iv) Copies of the charging instrument and all supporting
affidavits or other documents used in the determination of
probable cause.
 (3)(5) The treatment facility shall admit the defendant for
hospitalization and treatment and may retain and treat the
defendant. No later than six months from the date of admission
the administrator of the facility shall file with the court a
report which shall address the issues and consider the factors
set forth in Rule 3.211 above, with copies to all parties. If at
any time during the six-month period or during any period of
extended hospitalization commitment which may be ordered
pursuant to this Rule, the administrator of the facility shall
determine that the defendant no longer meets the criteria for
involuntary hospitalization commitment or has become
competent to stand trial proceed, the administrator shall
notify the court by such a report, with copies to all parties.
 (i) In the event that If during the six-month period of
hospitalization commitment and treatment or during any period
of extended hospitalization commitment which may be ordered
pursuant to this Rule, counsel for the defendant shall have
reasonable grounds to believe that the defendant is competent to
stand trial proceed or no longer meets the criteria for
involuntary hospitalization commitment, he may move the court
for a hearing on the issues of the defendant's competence or
involuntary hospitalization commitment. Such motion shall
contain a certificate of counsel that the motion is made in good
faith and on reasonable grounds to believe that the defendant is
now competent to stand trial
*1000 proceed or no longer meets the criteria for involuntary
hospitalization commitment.
 To the extent that it does not invade the attorney-client
privilege, the motion shall contain a recital of the specific
observations of and conversations with the defendant which have
formed the basis for such motion.
 (ii) If, upon consideration of a motion filed by counsel for
the defendant and any information offered the court in support
thereof, the court has reasonable grounds to believe that the
defendant may have regained competence to stand trial proceed
or no longer meets the criteria for involuntary hospitalization
commitment, the court may order the administrator of the
facility to report to the court on such issues, with copies to
all parties, and shall order a hearing to be held on those
issues.
 (4)(6) The court shall hold a hearing within 30 days of the
receipt of any such report from the administrator of the facility
on the issues raised thereby. If, following such hearing, the
court determines that the defendant continues to be incompetent
to stand trial proceed and that he meets the criteria for
continued involuntary hospitalization commitment or
treatment, the court shall order continued hospitalization
commitment or treatment for a period not to exceed one year.
When the defendant is retained by the facility, the same
procedure shall be repeated prior to the expiration of each
additional one-year period of extended hospitalization
commitment.
 (5)(7) If at any time after such hospitalization
commitment, the court decides, after hearing, that the
defendant is competent to stand trial proceed, it shall enter
its order so finding and shall proceed.
 (6)(8) If after any such hearing the court shall determine
that the defendant remains incompetent to stand trial proceed
but no longer meets the criteria for involuntary
hospitalization commitment, the court shall proceed as
provided in Rule 3.212(d).
 (c)(d) If the court decides that a defendant is not
mentally competent to stand trial proceed but does not meet
the criteria for involuntary hospitalization set forth by law,
or is not mentally retarded under law commitment, the
defendant may be released on appropriate release conditions for a
period not to exceed one year. The court may order that the
defendant receive outpatient treatment at an appropriate local
facility and that the defendant report for further evaluation at
specified times during such release period as conditions of
release. A report shall be filed with the court after each such
evaluation by the persons appointed by the court to make such
evaluations, with copies to all parties.
1988 Amendment:
 Title. The title has been amended to reflect changes in 3.210
and 3.211.
 (a) This provision was formerly the introductory paragraph to
this Rule. It has been labeled subsection (a) for consistency in
form.
 (b) This provision was former subsection (a). It has been
amended to reflect changes in 3.210 and 3.211. The former section
(b) and subsection (1) under (b) has been deleted because similar
language is now found in the new section (c) below.
 (c) This new provision, including all its subsections, is
designed to reflect the commitment criteria in Section 916.13(1),
Florida Statutes, and to reflect that commitment to HRS is to be
tied to specific commitment criteria when no less restrictive
treatment alternative is available.
 (1) This provision provides for available community treatment
when appropriate.
 (2) This provision provides for treatment in a custodial
facility or other available community residential program.
 (3) This provision, and its subsections, outlines when a
defendant may be committed, and refers to commitment criteria
under the provisions of Section 916.13(1), Florida Statutes.
 (4) This provision, and its subsections, was formerly
subsection (b)(2). The language has been amended to reflect
changes in Chapter 916 relating to the commitment of persons
found incompetent to proceed and changes in 3.210 and 3.211.
 (5) This provision, and its subsections, was formerly
subsection (b)(3). The
*1001 amendments are for the same reasons as (4) above.
 (6) This provision was formerly subsection (b)(4). The
amendments are for the same reasons as (4) above.
 (7) This provision was formerly subsection (b)(5). The
amendments are for the same reasons as (4) above.
 (8) This provision was formerly subsection (b)(6). The
amendments are for the same reasons as (4) above.
 (d) The amendments to the provision are for the same reasons as
(4) above.
RULE 3.213. CONTINUING INCOMPETENCY TO STAND TRIAL PROCEED,
 EXCEPT INCOMPETENCY TO PROCEED WITH SENTENCING: DISPOSITION
 (a) If at any time after five years after determining a person
incompetent to stand trial or proceed with a probation or
community control violation hearing when charged with a felony,
or one year when charged with a misdemeanor, the court, after
hearing, determines that the defendant remains incompetent to
stand trial or proceed with a probation or community control
violation hearing, that there is no substantial probability that
the defendant will become mentally competent to stand trial or
proceed with a probation or community control violation hearing
in the foreseeable future, and that the defendant does not meet
the criteria for involuntary hospitalization set forth by law,
or for involuntary services as set forth by law commitment, it
shall dismiss the charges against the defendant without
prejudice to the State to refile the charges should the defendant
be declared competent to proceed in the future.
 (b) If at any time after five years after determining a person
incompetent to stand trial or proceed with a probation or
community control violation hearing when charged with a felony
or one year when charged with a misdemeanor, the court, after
hearing, determines that the defendant remains incompetent to
stand trial or proceed with a probation or community control
violation hearing, that there is no substantial probability that
the defendant will become mentally competent to stand trial or
proceed with a probation or community control violation hearing
in the foreseeable future and that the defendant does meet the
criteria for involuntary hospitalization set forth by law
commitment, the court shall dismiss the charges against the
defendant and commit the defendant to the Department of Health
and Rehabilitative Services for involuntary hospitalization or
residential services solely under the provisions of law, or may
order that he receive outpatient treatment at any other facility
or service on an outpatient basis subject to the provisions of
those statutes. In the order of commitment, the judge shall order
that the administrator of the facility notify the State Attorney
of the committing circuit no less than 30 days prior to the
anticipated date of release of the defendant. If charges are
dismissed pursuant to this subsection said dismissal shall be
without prejudice to the State to refile the charges should the
defendant be declared competent to proceed in the future.
 (c) This section shall not apply to defendants determined to
be incompetent to proceed with sentencing which is provided in
Rule 3.214 below.
 1988 Amendment:
 Title. The title has been amended to comply with change in
3.210, but specifically excludes competency to proceed with
sentencing which is addressed in the new Rule 3.214.
 (a) This provision was amended to reflect changes in 3.210 and
3.211. New language is added which specifies that, if charges are
dismissed under this rule, it is without prejudice to the State
to refile if the defendant is declared competent to proceed in
the future. Similar language was previously found in 3.214(d),
but is more appropriate under this rule.
 (b) This provision has been amended for the same reasons as (a)
above.
 (c) This new provision specifically exempts this rule from
being used against a defendant determined to be incompetent to be
sentenced which is now provided in the new Rule 3.214. It is
replaced by the new 3.214.
*1002 RULE 3.214. Effect of Adjudication of Incompetency to Stand
 Trial, Psychotropic Medication. INCOMPETENCY TO PROCEED TO
 SENTENCING: DISPOSITION
 If a defendant is determined to be incompetent to proceed
after being found guilty of an offense or violation of probation
or community control or after voluntarily entering a plea to an
offense or violation of probation or community control, but prior
to sentencing, the court shall postpone the pronouncement of
sentence and proceed pursuant to Rule 3.210 (et seq.) and the
following rules.
 1988 Amendment:
 Title. This new rule replaces the former 3.740. It was felt to
be more appropriately addressed in this sequence. The former
3.214 is now renumbered 3.215. The former rule 3.740 used the
inappropriate phrase "(p)rocedures when insanity is alleged as
cause for not pronouncing sentence." Insanity is an affirmative
defense to a criminal charge. The more correct term is
"incompetence to proceed to sentencing."
 (a) This new provision reiterates amendments to 3.210, and
provides that sentencing shall be postponed for a defendant
incompetent to proceed with disposition of a criminal matter  to
include a finding of guilt at trial, after entry of a voluntary
plea, or after a violation of probation or community control
proceeding.
RULE 3.2145. EFFECT OF ADJUDICATION OF INCOMPETENCY TO Stand
 Trial PROCEED: PSYCHOTROPIC MEDICATION
 (a) If the defendant is declared incompetent to stand trial
during trial and afterwards declared competent to stand trial,
his other uncompleted trial shall not constitute former jeopardy.
 (b) An adjudication of incompetency to stand trial proceed
shall not operate as an adjudication of incompetency to consent
to medical treatment or for any other purpose unless such other
adjudication is specifically set forth in the order.
 (c) A defendant who, because of psychotropic medication, is
able to understand the proceedings and to assist in his defense
shall not automatically be deemed incompetent to stand trial
proceed simply because his satisfactory mental condition is
dependent upon such medication, nor shall he be prohibited from
standing trial or entering a plea solely proceeding solely
because he is being administered medication under medical
supervision for a mental or emotional condition.
 (1) Psychotropic medication is any drug or compound affecting
the mind, behavior, intellectual functions, perception, moods, or
emotion, and includes anti-psychotic, anti-depressant, anti-manic
and anti-anxiety drugs.
 (2) If the defendant proceeds to trial with the aid of
medication for a mental or emotional condition, upon the motion
of defense counsel, the jury shall, at the beginning of the trial
and in the charge to the jury, be given explanatory instructions
regarding such medication.
 (d) The provisions of Rule 3.191 shall no longer apply to any
defendant adjudged incompetent to stand trial until, in the case
of a defendant whose charges have not been dismissed pursuant to
these rules, the date the defendant is again adjudicated
competent to stand trial or, in the case of a defendant whose
charges have been dismissed without prejudice, the date the
charges are again filed.
 1988 Amendment:
 Title. This rule was formerly 3.214.
 The amendments to this rule, including the title, are designed
to reflect amendments to 3.210 and 3.211.
 (d) Matters contained in former subsection (d) are covered by
the provisions of Rule 3.191. That subsection has therefore been
deleted.
RULE 3.216. INSANITY AT TIME OF OFFENSE OR PROBATION OR
 COMMUNITY CONTROL VIOLATION: NOTICE AND APPOINTMENT OF EXPERTS
 (a) When in any criminal case counsel for a defendant adjudged
to be indigent or
*1003 partially indigent, whether public defender or court appointed,
shall have reason to believe that the defendant may be
incompetent to stand trial proceed or that he may have been
insane at the time of the offense or probation or community
control violation, he may so inform the court who shall appoint
one expert to examine the defendant in order to assist his
attorney in the preparation of his defense. Such expert shall
report only to the attorney for the defendant and matters related
to the expert shall be deemed to fall under the lawyer-client
privilege.
 (b) When in any criminal case it shall be the intention of the
defendant to rely on the defense or insanity either at trial or
probation or community control violation hearing, no evidence
offered by the defendant for the purpose of establishing such
defense shall be admitted in such case unless advance notice in
writing of the defense shall have been given by the defendant as
hereinafter provided.
 (c) The defendant shall give notice of intent to rely on the
defense of insanity no later than 15 days after the arraignment
or the filing of a written plea of not guilty in the case when
the defense of insanity is to be relied upon at trial, or no
later than 15 days after being brought before the appropriate
court to answer to the allegations in a violation of probation or
community control proceeding. If counsel for the defendant shall
have reasonable grounds to believe that the defendant may be
incompetent to stand trial proceed, the notice shall be given
at the same time that the motion for examination into the
defendant's competence is filed. Such notice shall contain a
statement of particulars showing the nature of the insanity the
defendant expects to prove and the names and addresses of the
witnesses by whom he expects to show such insanity, insofar as is
possible.
 (d) Upon the filing of such notice the court may, on its own
motion, and shall upon motion of the State or the defendant,
order that the defendant be examined by no more than three nor
fewer than two disinterested, qualified experts as to the sanity
or insanity of the defendant at the time of the commission of the
alleged offense or probation or community control violation.
Attorneys for the State and defendant may be present at the
examination. Such examination should take place at the same time
as the examination into the competence of the defendant to stand
trial proceed, if the issue of competence has been raised.
 (e) The experts shall examine the defendant and shall file with
the court in writing at such time as shall be specified by the
court with copies to attorneys for the State and the defense, a
report which shall contain the following:
 (1) A description of the evaluative techniques which were used
in their examination;
 (2) A description of the mental and emotional condition and
mental processes of the defendant at the time of the alleged
offense or probation or community control violation, including
the nature of any mental impairment and its relationship to the
actions and state of mind of the defendant at the time of the
offense or probation or community control violation;
 (3) A statement of all relevant factual information regarding
the defendant's behavior on which the conclusions or opinions
regarding his mental condition were based;
 (4) An explanation of how the conditions and opinions regarding
the defendant's mental condition at the time of the alleged
offense or probation or community control violation were
reached.
 (f) Upon good cause shown for the omission of the notice of
intent to rely on the defense of insanity, the court may in its
discretion grant the defendant 10 days to comply with such notice
requirement. If leave is granted and the defendant files said
notice, he is deemed unavailable for trial to proceed. If the
trial has already commenced, the court, only upon motion of the
defendant, may declare a mistrial in order to permit the
defendant to raise the defense of insanity pursuant to this Rule.
Any motion for mistrial shall constitute a waiver of the
defendant's right to any claim of former jeopardy arising from
the uncompleted trial.
*1004 (g) If the defendant has been released from custody on
pre-trial bail or other release provisions conditions,
the court may order the defendant to appear at a designated place
for evaluation at a specific time as a condition of such release
provision. If the court determines that the defendant will not
submit to the evaluation provided for herein or that the
defendant is not likely to appear for the scheduled evaluation,
the court may order the defendant taken into custody, if he is
not already in custody, until the determination of his
competency evaluation is completed. A motion made for
evaluation under this subsection shall not otherwise affect the
defendant's right to pre-trial release.
 (h) The appointment of experts by the court shall not preclude
the State or the defendant from calling additional expert
witnesses to testify at the trial. The experts appointed by the
court may be summoned to testify at the trial, and shall be
deemed court witnesses whether called by the court or either
party. Other evidence regarding the defendant's sanity may be
introduced by either party. At trial, in its instructions to
the jury, the court shall include an instruction on the
consequences of a verdict of not guilty by reason of insanity.
 1988 Amendment:
 The amendments to this rule, including the title, provide for
the affirmative defense of insanity in violation of probation or
community control proceedings as well as at trial.
RULE 3.217. JUDGMENT OF NOT GUILTY BY REASON OF INSANITY:
 DISPOSITION OF DEFENDANT
 (a) When a person tried for an offense shall be acquitted is
found not guilty of the offense or found not in violation of
probation or community control for the cause of insanity by the
jury or the court, the jury or judge in giving the verdict or
finding of not guilty judgment shall state that it was given
for such cause.
 (b) When a person tried for an offense shall be acquitted is
found not guilty of the offense or is found not to be in
violation of probation or community control for the cause of
insanity, if the court shall then determine that the defendant
presently meets the criteria set forth by law, the court shall
commit the defendant to the Department of Health and
Rehabilitative Services for involuntary hospitalization or
placement, or shall order that he receive outpatient treatment
at any other appropriate facility or service on an outpatient
basis, or shall discharge the defendant.
 (1) Any order committing the defendant for involuntary
hospitalization or requiring outpatient treatment or other
outpatient service shall contain the following:
 (i) Findings of fact relating to the issue of involuntary
hospitalization or placement commitment or other court ordered
treatment;
 (ii) Copies of any reports of experts filed with the court;
 (iii) Any other psychiatric, psychological or social work
report submitted to the court relative to the mental state of the
defendant.
1988 Amendment:
 The amendments to this rule provide for evaluation of a
defendant found not guilty by reason of insanity in violation of
probation or community control proceedings as well as at trial.
The amendments further reflect 1985 amendments to Chapter 916,
Florida Statutes.
RULE 3.218. HOSPITALIZATION COMMITMENT OF A DEFENDANT FOUND NOT
 GUILTY BY REASON OF INSANITY
 The Department of Health and Rehabilitative Services shall
admit to an appropriate facility a defendant found not guilty by
reason of insanity pursuant to Rule 3.217 and found to meet the
criteria for involuntary hospitalization or placement
commitment for hospitalization and treatment and may retain and
treat the defendant. No later than six months from the date of
admission, the administrator of the facility shall file with the
court a report, with copies to all parties, which shall address
the issues of further involuntary hospitalization commitment
of the defendant. If at any time during the six-month period or
*1005 during any period of extended hospitalization which may be
ordered pursuant to this Rule, the administrator of the facility
shall determine that the defendant no longer meets the criteria
for involuntary hospitalization commitment, the administrator
shall notify the court by such a report with copies to all
parties.
 (a) The court shall hold a hearing within 30 days of the
receipt of any such report from the administrator of the facility
on the issues raised thereby, and the defendant shall have a
right to be present at such hearing. If, following such hearing,
the court determines that the defendant continues to meet the
criteria for continued hospitalization commitment or
treatment, the court shall order further hospitalization
commitment or treatment for a period not to exceed one year.
The same procedure shall be repeated prior to the expiration of
each additional one-year period the defendant is retained by the
facility.
 (b) Prior to any hearing held pursuant to this Rule, the court
may on its own motion, and shall upon motion of counsel for State
or defendant, appoint no fewer than two nor more than three
experts to examine the defendant relative to the criteria for
continued involuntary hospitalization or placement commitment
or placement of the defendant, and shall specify the date by
which such experts shall report to the court on these issues with
copies to all parties.
 1988 Amendment:
 The amendments to this rule including the title, provide for
commitment of defendants found not guilty by reason of insanity
in violation of probation or community control proceedings, as
well as those so found at trial. The amendments further reflect
1985 amendments to Chapter 916, Florida Statutes.
RULE 3.219. CONDITIONAL RELEASE
 (a) The committing court may order a conditional release of any
defendant who has been committed according to a finding of
incompetency to stand trial proceed or an adjudication of not
guilty by reason of insanity based on an approved plan for
providing appropriate outpatient care and treatment. At such time
as the administrator shall determine outpatient treatment of the
defendant to be appropriate, he may file with the court, with
copies to all parties, a written plan for outpatient treatment,
including recommendations from qualified professionals. Such a
plan may be submitted by the defendant. The plan shall include:
 (1) Special provisions for residential care and/or adequate
supervision of the defendant;
 (2) Provisions for outpatient mental health services;
 (3) If appropriate, recommendations for auxiliary services such
as vocational training, educational services, or special medical
care.
 In its order of conditional release, the court shall specify
the conditions of release based upon the release plan and shall
direct the appropriate agencies or persons to submit periodic
reports to the court regarding the defendant's compliance with
the conditions of the release, and progress in treatment, with
copies to all parties.
 (b) If at any time it appears that the defendant has failed to
comply with the conditions of release, or that the defendant's
condition has deteriorated to the point that inpatient care is
required, or that the release conditions should be modified, the
court may, after hearing, modify the release conditions or, if
the court finds the defendant meets the statutory criteria for
commitment, may order that the defendant be returned
recommitted to the Department of Health and Rehabilitative
Services for further treatment.
 (c) If at any time it is determined after hearing that the
defendant no longer requires court supervised follow-up care, the
court shall terminate its jurisdiction in the cause and discharge
the defendant.
 1988 Amendment:
 The amendments to this rule are designed to reflect amendments
to 3.210, 3.211, and 3.218 as well as 1985 amendments to Chapter
916, Florida Statutes.
 (b) This provision has been amended to require that the court
may recommit a conditionally
*1006 released defendant to HRS under the provisions of Chapter 916
only if the court makes a finding that the defendant currently
meets the statutory commitment criteria found in Section
916.13(1), Florida Statutes.
RULE 3.390. JURY INSTRUCTIONS
 (b) Every charge to a jury shall be orally delivered, and
charges in capital cases shall, and in the discretion of the
court in non-capital cases, may also be in writing. All
written charges shall be filed in the cause. Charges in other
than capital cases shall be taken by the court reporter, and, if
the jury returns a verdict of guilty, transcribed by him the
court reporter and filed in the cause.
1988 Committee Note:
 To assist the jury in understanding the jury instructions.
RULE 3.710. PRESENTENCE REPORT
 In all cases in which the court has discretion as to what
sentence may be imposed, the court may refer the case to the
probation and parole commission Department of Corrections for
investigation and recommendation. No sentence or sentences other
than probation shall be imposed on any defendant found guilty of
a first felony offense or found guilty of a felony while under
the age of 18 years, until after such investigation has first
been made and the recommendations of the commission Department
of Corrections received and considered by the sentencing judge.
 1988 Amendment:
 This amendment changes wording to conform with current
responsibility of the Department of Corrections to prepare the
presentence investigation and report.
RULE 3.740. PROCEDURE WHEN INSANITY IS ALLEGED AS CAUSE FOR NOT
 PRONOUNCING SENTENCE
 Repealed.
 1988 Amendment:
 New Rule 3.214 replaces this Rule. Its repeal is therefore
necessitated by adoption of the new rule.
RULE 3.790. PROBATION AND COMMUNITY CONTROL
 (a) Suspension of the Pronouncement and Imposition of Sentence;
Probation or Community Control.
 Pronouncement and imposition of sentence of imprisonment shall
not be made upon a defendant who is to be placed on probation
regardless of whether such defendant has or has not been
adjudicated guilty. An order of the court placing a person on
probation or community control shall place the probationer
under the authority of the state probation and parole
commission Department of Corrections to be supervised as
provided by law. The court shall specify the length of time
during which the defendant is to be supervised.
 (b) Revocation of Probation and Community Control; Judgment;
Sentence. When a probationer or a community controllee is
brought before a court charged with a violation of probation or
community control, the court shall advise him of such charge
and if the charge is admitted to be true may forthwith enter an
order revoking, modifying or continuing the probation or
community control. If such violation of probation or community
control is not admitted by the probationer or community
controllee, the court may commit him or release him with or
without bail to await further hearing, or it may dismiss the
charge of violation of probation or community control. If the
charge is not admitted by the probationer or community
controllee and if it is not dismissed, the court, as soon as may
be practicable, shall give the probationer or community
controllee an opportunity to be fully heard in person, by
counsel, or both. After such hearing, the court may enter an
order revoking, modifying or continuing the probation or
community control. Following a revocation of probation or
community control, the trial court shall adjudicate the
defendant guilty of the crime forming the basis of his probation
or community control, if no such adjudication has been made
previously. Pronouncement and imposition of sentence then shall
be made upon such defendant.
 1988 Amendment:
*1007 This amendment changes wording to conform with current
responsibilities of the Department of Corrections to supervise a
person placed either on probation or community control and brings
community control within the scope of the rule.
GRIMES, Justice, concurring.
Contrary to the view of Justice Overton, I do not construe the amendment to rule 3.172(c)(viii) as affecting our decision in State v. Ginebra, 511 So.2d 960 (Fla. 1987), or creating a new constitutional right. The amendment simply represents a policy decision that in a state where so many non-U.S. citizens reside, it is desirable henceforth to advise defendants that deportation may be one of the consequences of their guilty pleas.
SHAW and KOGAN, JJ., concur.
OVERTON, Justice, concurring in part, dissenting in part.
I concur with all rule amendments except the addition of section 3.172(c)(viii) mandating that the trial judge, in taking a plea, must advise a defendant who is not a United States citizen that his plea may subject him to deportation. There is no constitutional right to such notification and the rule overrules our decision in State v. Ginebra, 511 So.2d 960 (Fla. 1987). All the effects of a plea can never be fully covered by the court, and that is one of the primary reasons we require a defendant to have counsel. This new rule establishes a new procedural due process right, and trial judges should understand that the failure to so notify noncitizens of the possibility of deportation may result in successful postconviction relief challenges to their pleas. I see no need to add this requirement to our rules.
McDONALD, J., concurs.