603 So.2d 657 (1992)
Jose BERMUDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2641.
District Court of Appeal of Florida, Third District.
August 11, 1992.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Barbara Arlene Fink, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and COPE, JJ.
FERGUSON, Judge.
Bermudez contends that the court's warning to him, during a plea colloquy, that he could be deported as a result of his guilty plea, did not cure the affirmative misadvice given him by his attorney that nothing would happen to his immigration status. We disagree and affirm the trial court's denial, without an evidentiary hearing, of the motion for post-conviction relief.
The evidence of guilt was overwhelming. Bermudez executed two consent-to-search forms which led to the recovery of a kilo of cocaine in his home and another kilo in his automobile. After being warned of his right to remain silent and the right to counsel, he admitted to owning the contraband. Facing a maximum sixty-year sentence if convicted on both counts, the defendant and the State negotiated a thirty-year sentence in exchange for a guilty plea.
During the plea colloquy, the trial judge inquired of the defendant, pursuant to Florida rule of Criminal Procedure 3.172(c)(viii), whether he understood that he could be deported to his native land by reason of the guilty plea.[1] He answered, under oath, "Yes, I do." In this appeal he contends that he was entitled to an evidentiary hearing on a motion for post-conviction relief on the basis of allegations that his attorney was ineffective in advising him that his *658 immigration status would not be affected by the plea.
In State v. Ginebra, 511 So.2d 960 (Fla. 1987), the supreme court held that a defendant's lack of knowledge that a plea of guilty may lead to deportation does nothing to undermine the plea itself which is, in effect, a confession in open court as to the facts alleged, citing United States v. Sambro, 454 F.2d 918, 921 (D.C. Cir.1971). See also State v. Fundora, 513 So.2d 122 (Fla. 1987) (defense counsel's failure to inform defendant of possible deportation is not ineffective assistance of counsel because deportation is only a "collateral consequence" of the plea). Expressly not addressed in Ginebra was the legal effect of affirmative misadvice from counsel concerning deportation. In State v. Sallato, 519 So.2d 605 (Fla. 1988), the court held that where a defendant was affirmatively misadvised, the court should conduct a new hearing to determine whether the ramifications were such that the defendant should be allowed to withdraw the plea.
A year after Ginebra was decided, the court adopted In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992 (Fla. 1988), which added subsection (c)(viii), requiring judges presiding at plea colloquies to inform the accused that a guilty or nolo contendere plea may subject him to deportation. There is no case authority on the effect of the court's instruction in accordance with the above rule where the defendant's counsel has given misadvice. Compare Dugart v. State, 578 So.2d 789 (Fla. 4th DCA 1991) (defendant was entitled to evidentiary hearing regarding voluntariness of his guilty plea where he relied on affirmative misinformation of his attorney regarding deportation consequences of plea and where the trial court failed to comply with rule 3.172(c)(viii) to advise defendant that his plea could subject him to deportation).
Starting with the cases espousing the principle that there is no right to be informed of the collateral consequences of a guilty plea, which were followed by the 1988 amendment to the Rules of Criminal Procedure instructing judges to advise a defendant that deportation could result if the defendant is not a United States citizen, it is reasonable to conclude that the supreme court intended to avoid the vacating of guilty pleas on the sole ground that the non-citizen defendant may have been misinformed about deportation as a collateral consequence of pleading guilty. Otherwise, there was little reason for adopting subsection (c)(viii). See In re Amendments of Florida Rules of Criminal Procedure, 536 So.2d at 1007, concurring and dissenting opinions.
We agree with the State's response in reliance on Summers v. State, 463 So.2d 311 (Fla. 1st DCA 1084), rev. denied, 475 So.2d 696 (Fla. 1985), that any prejudice which flowed from the misadvice of counsel was cured by the trial court at the plea colloquy and did not affect the voluntariness of the guilty plea. On the pertinent facts, which are already in the record, there is no showing of "a likelihood that the deficient conduct affected the outcome of the court proceedings." Knight v. State, 394 So.2d 997, 1001 (Fla. 1981).
Affirmed.
NOTES
[1] If a defendant "pleads guilty or nolo contendere the trial judge must inform him or her that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Naturalization and Immigration Service." Fla.R.Crim.P. 3.172(c)(viii).