863 So.2d 1237 (2003)
STATE of Florida, Appellant,
v.
Christopher LINDO, Appellee.
No. 4D02-1490.
District Court of Appeal of Florida, Fourth District.
December 31, 2003.
*1238 Charles J. Crist, Jr., Attorney General, Tallahassee, and Karen Finkle, Assistant Attorney General, West Palm Beach, for appellant.
Ronald Haber, Miami, for appellee.
STEVENSON, J.
We affirm the order of the trial court vacating appellee's plea of nolo contendere to the charge of grand theft on the basis that he was not advised of the deportation consequences of his plea.
Lindo was charged with grand theft and pled nolo contendere to the charge on August 11, 1990. Adjudication was withheld and Lindo was placed on probation. His probation was subsequently revoked and, on February 6, 1991, he was adjudicated guilty and placed on community control. On January 16, 1991, Lindo was also convicted of burglary of a conveyance in a different county.
Lindo, a Jamaican national, was served with a notice to appear for removal (deportation) proceedings on June 7, 2001, after he applied for United States citizenship. The notice informed Lindo that he was subject to deportation because of his conviction for two crimes involving moral turpitude, not arising out of a single scheme of criminal conduct, in violation of the Immigration and Nationality Act.
On January 2, 2002, Lindo moved to vacate the grand theft plea, arguing that when he pled no contest on August 11, 1990, he was never advised that, if he was not a United States citizen, his plea could subject him to deportation. At the hearing on the motion to vacate plea, Lindo testified that he was never warned that he could be deported as a consequence of his plea, stating "I would remember that because I have nowhere to go. Where would I live? In Jamaica? My family is here. I would remember that."
Lindo's 1990 public defender, Ann Marie Sapp, testified that she did not recognize his name and had no independent recollection of the case. She stated, however, that she generally advises a defendant that a plea could have deportation consequences. Sapp also testified that she could not recall whether the judge at Lindo's plea hearing informed him of the deportation consequences. The State presented no evidence, and the trial court granted Lindo's motion to vacate, finding that the motion was timely as it was filed within two years *1239 of June 7, 2001, the date he became aware of the threat of deportation. The trial judge also found that, based on the evidence, he could not conclude that Lindo was adequately advised of the deportation consequences of his plea.
In 1988, Florida Rule of Criminal Procedure 3.172(c)(8) was added to require judges presiding at plea colloquies to inform defendants pleading guilty or nolo contendere that, if they are not a United States citizen, their plea subjects them to deportation pursuant to the laws and regulations of the Immigration and Naturalization Service (INS). See In re Amendments to Fla. Rules of Criminal Procedure, 536 So.2d 992 (Fla.1988). The rule became effective on January 1, 1989, and is, thus, applicable to the instant case.
In Peart v. State, 756 So.2d 42 (Fla. 2000), the supreme court was asked to determine whether the two-year limitation in Florida Rule of Criminal Procedure 3.850 applies to claims alleging rule 3.172(c)(8) violations and, if so, at what point does the limitation period begin to run. See id. at 46. The court found that, following its decision in Wood v. State, 750 So.2d 592 (Fla.1999), the two-year limitation in rule 3.850 applied to all claims alleging a rule 3.172(c)(8) violation. Regarding when the two-year period would begin to run, the court stated:
[W]e hold that the limitation period runs from when the defendant has or should have knowledge of the threat of deportation based on the plea. As explained below, in order for a defendant to establish a prima facie case for relief, the defendant must be threatened with deportation resulting from the plea. Since the day the defendant gains (or should gain) knowledge of the threat of deportation is the first day the defendant can actually articulate a prima facie case, it stands to reason that the day the defendant learns of the threat should likewise start the running of the two-year limitation period.
Peart, 756 So.2d at 46 (citation omitted).
We agree with the trial court's determination that, under Peart, the motion to vacate was timely filed. Lindo testified that he first gained knowledge of the threat of deportation when he received the notice to appear from INS on June 7, 2001. The State failed to present any evidence that Lindo was aware or should have been aware of the threat of deportation prior to that time.[1] Thus, we find the motion to vacate filed pursuant to rule 3.850 was timely because it was filed within two years of June 7, 2001. See also Ghanavati v. State, 820 So.2d 989 (Fla. 4th DCA 2002)(finding that the motion filed on September 10, 2001, to vacate a plea entered on February 9, 1987, was timely because it was filed within two years of when the petitioner learned of the threat of deportation).
We also agree that Lindo was entitled to relief under rule 3.172(c)(8). In order to be entitled to relief under this rule, the defendant must prove that "the trial court did not provide advice regarding the possible immigration consequences *1240 of the plea and resultant prejudice." Peart, 756 So.2d at 47. Lindo testified that he was never provided advice by the court or his attorney and that he was prejudiced by that lack of advice because he now faces deportation.
Accordingly, we affirm the decision of the trial court.
TAYLOR and MAY, JJ., concur.
NOTES
[1] The standard set forth by the Florida Supreme Court in Peart that "the limitation period runs from when the defendant has or should have knowledge of the threat of deportation based on the plea" dispels the need to further address a laches argument in this context. 756 So.2d at 46. A finding of laches in a criminal case requires a showing of both lack of due diligence on the part of the defendant in bringing the claim and prejudice to the state. See Love v. State, 814 So.2d 475, 478 (Fla. 4th DCA 2002). The State cannot prove that the defendant did not exercise due diligence in bringing the motion to vacate where defendant has shown that the motion was brought within two years of the time he had or should have had knowledge of the threat of deportation based on the plea.