PER CURIAM.
We affirm the summary denial of appellant’s Rule 3.850 motion. The claim that the trial court did not advise about deportation consequences during the 1986 plea colloquy is without merit. At the time of the plea, the court had no duty to advise about deportation consequences. See State v. Ginebra, 511 So.2d 960 (Fla.1987); In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992 (Fla.1988). In addition, the claim is untimely as it was not brought within the two-year window created by State v. Green, 944 So.2d 208 (Fla.2006), and because no transcript of the plea colloquy exists, the court had discretion to deny. Id. at 218.
Appellant claims that counsel did not advise him about the possibility of deportation and told him to accept the plea offer to avoid jail time. Padilla v. Kentucky, — U.S. —, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), however, does not apply retroactively. Hernandez v. State, 61 So.3d 1144 (Fla. 3d DCA 2011), rev. granted, 81 So.3d 414 (Fla.2012); Davis v. State, 69 So.3d 315 (Fla. 4th DCA 2011).
Further, appellant’s conviction for simple cocaine possession may not be an “aggravated felony” under the federal Controlled Substances Act and he may not be subject to “automatic” deportation as was the case in Padilla. See Lopez v. Gonzales, 549 U.S. 47, 53, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006) (holding that a conviction for felony drug possession under state *1096 law did not qualify as an “aggravated felony” because the offense constituted a misdemeanor under the Controlled Substances Act).[1]

Affirmed.

MAY, C.J., DAMOORGIAN and LEVINE, JJ., concur.

. ‘‘Under the immigration statutes ... the Attorney General’s discretion to cancel the removal of a person otherwise deportable does not reach a convict of an aggravated felony. [8 U.S.C.] § 1229b(a)(3).“ Lopez, 549 U.S. at 50.