498 So.2d 467 (1986)
Lazaro GINEBRA, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-1802.
District Court of Appeal of Florida, Third District.
August 26, 1986.
Lazaro Ginebra, in Pro Per.
Jim Smith, Atty. Gen., for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
The defendant, Lazaro Ginebra, appeals from the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. We reverse.
Ginebra pled guilty, allegedly at the urging of his counsel, in four different cases, to attempted second-degree murder, grandtheft, two counts of armed robbery, and three counts of possession of firearm. Ginebra, a Mariel refugee, claims that his attorney failed to inform him, prior to entering his pleas, that guilty pleas might result in deportation proceedings against him, and due to this ineffective assistance of counsel, his pleas were entered involuntarily. This court has previously held that these may be valid claims if, in fact, Ginebra's attorney did fail to so advise him and the conviction actually leads to deportation. Martinez v. State, 475 So.2d 1292 (Fla. 3d DCA 1985); Edwards v. State, 393 So.2d 597 (Fla. 3d DCA), review denied, 402 So.2d 613 (Fla. 1981).
The trial court summarily denied Ginebra's motion for legal insufficiency, without attaching those portions of the file or record which conclusively demonstrate that Ginebra is entitled to no relief. This was error. See Owens v. States, 463 So.2d 408 (Fla. 3d DCA 1985). Accordingly, we
Reverse and remand for further proceedings in accordance with Edwards and Rule 3.850.