PER CURIAM.
This is an appeal by the state from an order of the trial court granting Angel Castilla’s motion to vacate his judgment of conviction on ineffective assistance of counsel grounds. We reverse the trial court’s order for the reasons which follow.
Castilla had pled nolo contendere to a charge of cocaine possession. In his motion to vacate his judgment of conviction, Castilla alleged ineffective assistance of counsel based upon his attorney’s failure to advise him, prior to entering his plea, of the risk of deportation in the event of a conviction for possession of cocaine.
The trial court held an evidentiary hearing on Castilla’s motion to vacate judgment. Castilla’s immigration attorney testified as an expert witness and stated that Castilla ran the risk of deportation by virtue of his conviction. Relying on Edwards v. State, 393 So.2d 597 (Fla. 3d DCA), rev. denied, 402 So.2d 613 (Fla.1981), the trial court granted Castilla the relief he sought (withdrawal of his nolo plea) and set the case for trial.
In Edwards this court held that an attorney’s failure to advise a defendant of the consequences of deportation could render a defendant’s guilty plea involuntary if the defendant established “that had he known of this consequence, he would not have entered the plea of guilty; and that such a consequence will actually flow from the conviction.” Id. at 600 (emphasis added). Castilla has not succeeded in meeting the standard set forth in Edwards. This record fails to establish the likelihood of Castilla’s imminent, or even probable, deportation. Castilla has presented no evi *728 dence that his deportation will actually flow from the conviction.” We refuse to extend the parameters delineated in Edwards to automatically grant relief on ineffective assistance of counsel claims where counsel fails to advise a defendant of immigration consequences prior to entering a plea in a criminal case.[1] Cf. Villavende v. State, 504 So.2d 455 (Fla. 2d DCA 1987) (allegation that counsel failed to inform defendant of deportation consequence of guilty plea insufficient to establish ineffective assistance of counsel); Hahn v. State, 421 So.2d 710 (Fla. 1st DCA 1982) (defendant not deprived, as a matter of law, of effective assistance of counsel despite counsel’s failure to advise him of his possible deportation as a result of his guilty plea). We are unaware of any case of a Cuban national being deported under circumstances such as these.
The order of the trial court is accordingly reversed.
Reversed.

. The issue raised in Edwards is presently before the Florida supreme court. The court has accepted review of Ginebra v. State, 498 So.2d 467 (Fla. 3d DCA 1986), rev. granted, No. 69,283 (Fla. Jan. 5, 1987). The defendant in Ginebra had sought post-conviction relief based upon the alleged involuntariness of his guilty pleas due to his attorney’s failure to inform him of the consequence of deportation. This court held that the trial court erred in summarily denying Ginebra’s motion for legal insufficiency without attaching the portions of the record demonstrating that relief was not warranted, or, alternatively, holding an evidentiary hearing on Ginebra’s claim as required by Edwards.