511 So.2d 960 (1987)
STATE of Florida, Petitioner,
v.
Lazaro GINEBRA, Respondent.
No. 69283.
Supreme Court of Florida.
July 2, 1987.
Rehearing Denied September 11, 1987.
Robert A. Butterworth, Atty. Gen. and Ralph Barreira, Asst. Atty. Gen., Miami, for petitioner.
Michael E. Allen, Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
EHRLICH, Justice.
We have for our review Ginebra v. State, 498 So.2d 467 (Fla. 3d DCA 1986), which conflicts with Villavende v. State, 504 So.2d 455 (Fla. 2d DCA 1987), and Hahn v. State, 421 So.2d 710 (Fla. 1st DCA 1982). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and quash the decision of the district court below.
The issue presented is whether an alien defendant may collaterally attack his guilty plea on the basis that his counsel was ineffective in failing to advise him that the guilty plea could subject the defendant to deportation.[1] The third district in Edwards v. State, 393 So.2d 597 (Fla. 3d DCA),[2]review denied, 402 So.2d 613 (Fla. 1981), held that although deportation was a collateral, rather than a direct, consequence of a guilty plea, the severe sanction of deportation rendered it a unique collateral consequence of a guilty plea, thus amenable to attack pursuant to Florida Rule of Criminal Procedure 3.850. 393 So.2d at 599. We disagree.
We acknowledge the observation made in Edwards that deportation may, in fact, be a much more severe sanction than the prison sentence actually imposed on a defendant. The issue presented here, however, is whether an alien defendant's counsel who fails to inform his client that deportation is a possible consequence of a guilty plea has rendered constitutionally ineffective assistance of counsel. For the reasons which follow, we hold that for counsel to provide the reasonably effective assistance mandated by the Constitution, he need advise his client of only the direct consequences of a guilty plea.
It is clear under both state[3] and federal decisions[4] that the trial court judge is under *961 no duty to inform a defendant of the collateral consequences of his guilty plea. Florida Rule of Criminal Procedure 3.172(c), and its counterpart Federal Rule of Criminal Procedure 11(c), set forth those areas which the trial court judge must inquire of the defendant before accepting a guilty plea.[5] The trial judge's obligation to ensure that the defendant understands the direct consequences of his plea has been consistently interpreted to encompass only those consequences of the sentence which the trial court can impose. See, e.g., Michel v. United States, 507 F.2d 461, 465 (2d Cir.1974). Deportation is not a direct consequence of a guilty plea because the trial court judge, whether state or federal, has no authority concerning deportation matters. Id. at 466.
The question of whether counsel's failure to advise his client of the possibility of deportation renders the assistance ineffective has not been universally agreed upon. Pennsylvania and Illinois both employ reasoning similar to the Edwards rationale, see Commonwealth v. Wellington, 305 Pa. Super 24, 451 A.2d 223 (1982); People v. Correa, 124 Ill. App.3d 668, 80 Ill.Dec. 395, 465 N.E.2d 507 (1984) (withdrawal of guilty plea allowed based on the positive misrepresentation of counsel), and California has held that withdrawal of a guilty plea because of a defendant's ignorance of the possibility of deportation is within the trial court's discretion. People v. Giron, 11 Cal.3d 793, 114 Cal.Rpt. 596, 523 P.2d 636 (1974). The vast majority of federal courts, however, have held that failure to advise a client that deportation may follow from a guilty plea does not constitute ineffective assistance of counsel and thus form the basis for withdrawing the plea. See, e.g., United States v. Campbell, 778 F.2d 764 (11th Cir.1985); United States v. Russell, 686 F.2d 35 (D.C. Cir.1982); Fruchtman v. Kenton, 531 F.2d 946 (9th Cir.), cert. denied, 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 (1976); Michel v. United States, 507 F.2d 461 (2d Cir.1974); United States v. Sambro, 454 F.2d 918 (D.C. Cir.1971); Government of Virgin Islands v. Pamphile, 604 F. Supp. 753 (D.V.I. 1985).
We prefer the reasoning expressed in the federal cases and therefore disapprove Edwards. The focus of whether counsel provided *962 constitutionally effective assistance in the context of a plea is whether counsel provided his client "with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir.1984). A defendant's lack of knowledge that a plea of guilty may lead to deportation does nothing to undermine the plea itself which is, in effect, "a confession in open court as to the facts alleged." United States v. Sambro, 454 F.2d at 921. See Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468-69, 25 L.Ed.2d 747 (1970) ("[c]entral to the plea ... is the defendant's admission in open court that he committed the acts charged").
We therefore hold that counsel's failure to advise his client of the collateral consequence of deportation does not constitute ineffective assistance of counsel. We note that there are numerous other collateral consequences of which a defendant does not have to be knowledgeable before his plea is considered knowing and voluntary. See Michel v. United States, 507 F.2d at 465, n. 4. We agree with the observation made recently by the Eleventh Circuit:
It is highly desirable that both state and federal counsel develop the practice of advising defendants of the collateral consequences of pleading guilty; what is desirable is not the issue before us.
United States v. Campbell, 778 F.2d at 769.
The trial court's denial of Ginebra's 3.850 motion as being legally insufficient was correct.[6] Accordingly, we quash the decision of the district court below and remand for proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, GRIMES and KOGAN, JJ., concur.
SHAW and BARKETT, JJ., dissent.
NOTES
[1] An ineffective assistance of counsel claim is relevant solely to the extent that it bears on the issues of voluntariness and understanding of the consequences of pleading guilty. See Government of the Virgin Islands v. Pamphile, 604 F. Supp. 753, 756 (D.V.I. 1985), and cases cited therein.
[2] It was upon Edwards that the district court sub judice relied in finding that Ginebra was entitled to an evidentiary hearing on his 3.850 motion. 498 So.2d at 467.
[3] See, e.g., Edwards; Commonwealth v. Wellington, 305 Pa.Super. 24, 451 A.2d 223 (1982).
[4] See, e.g., United States v. Campbell, 778 F.2d 764 (11th Cir.1985); United States v. Russell, 686 F.2d 35 (D.C. Cir.1982); Fruchtman v. Kenton, 531 F.2d 946 (9th Cir.), cert. denied, 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 (1976); Michel v. United States, 507 F.2d 461 (2d Cir.1974); United States v. Sambro, 454 F.2d 918 (D.C. Cir.1971); Government of the Virgin Islands v. Pamphile, 604 F. Supp. 753 (D.V.I. 1985).
[5] Fla.R.Crim.P. 3.172(c) provides;

(c) Except where a defendant is not present for a plea, pursuant to the provisions of Rule 3.180(c), the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he understands the following:
(i) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
(ii) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and
(iii) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to compel attendance of witnesses on his behalf, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
(iv) That if he pleads guilty, or nolo contendere without express reservation of right to appeal, he gives up his right to appeal all matters relating to the judgment, including the issue of guilt or innocence, but he does not impair his right to review by appropriate collateral attack.
(v) That if he pleads guilty or is adjudged guilty after a plea of nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and
(vi) That if he pleads guilty or nolo contendere, the trial judge may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury; and
(vii) The complete terms of any plea agreement, including specifically all obligations the defendant will incur as a result.
[6] We point out that two issues not presented in this case, and on which we express no opinion, concern the legal effect of positive misadvice from counsel concerning deportation, see United States v. Sambro, or when counsel for the government misleads a defendant as to deportation, see United States v. Russell; sub judice, Ginebra's motion alleged only that his counsel had failed to advise him that he might be deported.