OPINION ON REHEARING
PER CURIAM.
In our original opinion we affirmed the trial court’s ruling that a failure to notify the defendant of the possible deportation consequences of his plea of nolo con-tendere was not a basis for the claim of ineffectiveness of counsel citing State v. Ginebra, 511 So.2d 960 (Fla.1987). We adhere to that ruling, however, in so doing we must dispose of the remaining claims raised herein and by the motion to vacate filed in the trial court.
The record reveals that the trial court mistakenly denied the appellant’s claims of involuntary plea, denial of right of speedy trial, denial of effective assistance of counsel and denial of a right of appeal on the belief that these issues were raised in a prior Rule 3.850, Florida Rules of Criminal Procedure motion. In fact, these issues were raised initially in this court by a petition for writ of habeas corpus which was denied by clerk’s order, without prejudice to seek appropriate relief, pursuant to Rule 3.850, Florida Rules of Criminal Procedure. Acosta v. Wainwright, 475 So.2d 703 (Fla.App.1985).
Therefore, we remand this cause to the trial court for consideration of the aforementioned claims and disposition thereof.
Remanded with directions.