519 So.2d 605 (1988)
STATE of Florida, Petitioner,
v.
Hector SALLATO, Respondent.
No. 70522.
Supreme Court of Florida.
January 28, 1988.
Robert A. Butterworth, Atty. Gen. and Debora J. Turner, Asst. Atty. Gen., Miami, for petitioner.
Bennet Lapidus of Malman, Defabio & Lapidus, Coral Gables, for respondent.
PER CURIAM.
We have for review State v. Sallato, 508 So.2d 1256 (Fla.3d DCA 1987), in which the district court affirmed a trial court's order granting a motion to vacate Sallato's guilty plea, relying, inter alia, on its decisions in Ginebra v. State, 498 So.2d 467 (Fla.3d DCA 1986), and Edwards v. State, 393 So.2d 597 *606 (Fla.3d DCA 1981), and acknowledging conflict in Hahn v. State, 421 So.2d 710 (Fla. 1st DCA 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
We recently quashed Ginebra, and disapproved Edwards, in State v. Ginebra, 511 So.2d 960 (Fla. 1987), holding that defense counsel is not ineffective for failing to advise his client that a guilty plea could result in deportation, a collateral consequence of the plea. A review of the record, however, shows that the instant case involves more than a failure to advise. Sallato alleged in his motion to vacate that he asked counsel whether his plea would jeopardize his chances of becoming a permanent United States citizen. Counsel allegedly replied that "there was nothing to worry about, he would not have a conviction." We expressed no opinion in Ginebra concerning the legal effect of "positive misadvice." Id. at 962 n. 6.
Accordingly, we quash the district court's decision in light of its reliance on decisions now disapproved and remand to the district court with instructions to remand to the trial court for a determination of whether the accused was given positive misadvice by trial counsel and the legal ramifications of such advice.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.