# STATE OF FLORIDA v RODRIGUEZ
## Case No. 85-19880
Eleventh Judicial Circuit, Dade County

April 18, 1988

### APPEARANCES OF COUNSEL

Assistant State Attorney **Graham** for plaintiff.

**Sigifredo Rodriguez** pro se.

### OPINION OF THE COURT

FRED MORENO, Circuit Judge.

THIS CAUSE came before the Court on the defendant's *pro se* motion to vacate judgment and sentence pursuant to Rule 3.850. The defendant alleges that his trial counsel did not render effective assistance because he failed to include in a motion for new trial that the weight of the evidence was insufficient to convict. The defendant also alleges that the defendant was not advised by defense counsel that the defendant could be deported and that defense counsel did not ask the trial judge to recommend against deportation. The defendant was convicted after trial and an appeal pursued by separate counsel with the conviction affirmed *per curiam*.

"Habeas corpus is not a vehicle for obtaining a second appeal of issues which were raised, or should have been raised, on direct appeal or which were waived at trial." *Blanco v. Wainwright,* 507 So.2d 1379, 1384 (Fla. 1987), *Christopher v. State,* 489 So.2d 22 (Fla. 1986). The insufficiency of the evidence is not cognizable in the motion to vacate from a conviction as a result of a nonjury trial. The defendant was free to raise the sufficiency argument on appeal despite any failure to cite that in a motion for new trial. *See Mancini v. State,* 273 So.2d 371 (Fla. 1973); *Sundeel v. State,* 354 So.2d 409 (Fla. 3d DCA 1978).

A defendant not being advised by defense counsel of the possibility of deportation by the Federal Immigration and Naturalization Service is irrelevant to whether such attorney rendered effective assistance at *trial,* as opposed to a plea of guilty without knowledge of such possibility of deportation.

Therefore, the only issue cognizable in the motion to vacate is whether an attorney's alleged failure to recommend as a possible addendum to the sentence a recommendation against deportation is sufficient to require an evidentiary hearing on a motion to vacate Rule 3.850. The Court rules that under *Strickland v. Washington,* 466 U.S. 688, 104 S.Ct. 2052 (1984) failure to request from a trial judge a recommendation against deportation does not amount to ineffective assistance of trial counsel. To hold the opposite would require defense attorneys to request all possible alternatives for sentences, including location of incarceration, manner of treatment while incarcerated, etc. Sentencing is exclusively a function of the court. Furthermore, there is no requirement that a state court address the issue of possible deportation to determine the validity of a plea of guilty, much less after a trial.

The Court is familiar with *State v. Sallato* 519 So.2d 605 (Fla. 1988), 2/05/88 which dealt with positive misadvice as opposed to failure to advise. Previous case law, *Genebro v. State,* 498 So.2d 467 (Fla. 3d DCA 1986), has already held no requirement for the court to advise the defendant of the possibility of deportation.

WHEREFORE, it is hereby ORDERED and ADJUDGED that the defendant's motion to vacate is hereby DENIED.

DONE AND ORDERED this 18th day of April, 1988, in Miami, Dade County, Florida.

The defendant is entitled to appeal from this order within thirty (30) days.