ALLEN, Judge.
The appellant challenges an order by which the trial court summarily denied his Florida Rule of Criminal Procedure 3.850 motion for posteonviction relief. Although we affirm the order without discussion as to the trial court’s disposition of three of the appellant’s claims, we reverse the order as to the denial of two claims of ineffective assistance of trial counsel because they set forth colorable bases for relief that are not refuted by attachments to the order.
As to the first of the claims, the appellant made the following assertions. He pled nolo contendere as charged to two crimes committed in 1993, one count of sexual battery and one count of lewd and lascivious assault upon a child. He was sentenced to two concurrent terms of fifteen years. His trial counsel was ineffective for failing to fully explain an earlier plea offer under which he could have entered a plea to two counts of lewd and lascivious assault upon a child in exchange for a seven-year sentence. His trial counsel’s explanation was incomplete because it did not include an explanation that the appellant would be eligible to earn basic gain time under a conviction for lewd and lascivious assault but not under a conviction for sexual battery. See § 794.011(7), Fla. Stat. (1993). If his counsel had explained the gain time consequences of the earlier plea offer, the appellant would have accepted the offer.
In State v. Ginebra, 511 So.2d 960 (Fla.1987), superseded by rule as stated in State v. De Abreu, 613 So.2d 453 (Fla.1993), the supreme court held that defense counsel is only required to advise a defendant of direct consequences of a potential plea, as specified in Florida Rule of Criminal Procedure 3.172(c), and is not ineffective in failing to advise a defendant of collateral consequences. The court held that potential deportation consequences of a plea are collateral, and that neither the trial court nor trial counsel is obligated to advise a defendant that he may be subjected to deportation as a result of his plea. Citing to footnote 4 in Michel v. United States, 507 F.2d 461, 465 (2d Cir.1974), the court also noted that “there are numerous other collateral consequences of which a defendant does not have to be knowledgeable before his plea is considered knowing and voluntary.” The referenced footnote specifically lists gain time, called “good time” under federal law, as a collateral consequence of a plea.
Based upon decisions such as Ginebra, it was generally understood that gain time consequences of a plea are collateral in nature, and that a defense attorney is therefore not ineffective in failing to advise a defendant of the gain time consequences of a plea. See, e.g., Simmons v. State, 611 So.2d 1250 (Fla.2d DCA 1992). But at footnote 8 in Ashley v. State, 614 So.2d 486, 490 (Fla.1993), the supreme court stated that a defendant who pleads to a crime that subjects him to a potential habitual felony offender sentence “should be told ... that habitualization may affect the possibility of early release through certain programs.” (e.s.)
In Horton v. State, 646 So.2d 253 (Fla. 1st DCA 1994) rev. denied, 659 So.2d 271 (Fla.1995)(Horton I), we rejected the appel *1209 lant’s argument that he was entitled to be told before his plea to a crime that subjected him to a habitual offender sentence that a habitual offender sentence would cause him to lose gain time and control release consideration. We reasoned that the above-quoted language from the Ashley footnote was merely aspirational because it could not be logically reconciled with Ginebra or limited to the habitual offender context. See Horton v. State, 646 So.2d at 256. But in State v. Wilson, 658 So.2d 521 (Fla.1995), the supreme court unequivocally held that the above-quoted language from the Ashley footnote is mandatory. See Horton v. State, 682 So.2d 647 (Fla. 1st DCA 1996)(Horton II).
As we wrote in Horton I, the Ashley transformation of special gain time and early release consequences to equal footing with direct consequences of a plea cannot logically be limited to the habitual offender context. Because there is no meaningful difference between the loss of basic gain time under section 775.084(4)(e), Florida Statutes (1993), for a habitual offender and the loss of basic gain time under section 794.011(7), Florida Statutes (1993), for a person convicted of sexual battery, these defendants should be equally entitled to be advised of this collateral consequence. And the right of a defendant charged with sexual battery to be advised that basic gain time would not be available in conjunction with a sentence on that charge necessarily applies when the defendant is considering a plea offer which would allow him to plead to an offense that would not involve a loss of basic gain time. We therefore conclude that the appellant’s claim in the present case presents a logical application of the principles of Ashley and Wilson, and that the trial court erred in denying the claim without an evidentiary hearing or attachments from the trial court files and records which conclusively refute the claim. See also, Lee v. State, 677 So.2d 312 (Fla. 1st DCA 1996); Hills v. State, 671 So.2d 223 (Fla. 1st DCA 1996); Espinoza v. State, 679 So.2d 47 (Fla. 4th DCA 1996).
As to the second of the claims, the appellant asserted that his trial counsel was ineffective for failing to object to the improper scoring of two out-of-state convictions. He claimed that he would have received a lesser sentence if the convictions had been properly scored. The record does not contain the sentencing transcript or the score-sheet, and the attachments to the order fail to conclusively demonstrate that the appellant is entitled to no relief on this colorable claim. We therefore conclude that the trial court erred in denying the claim without an evidentiary hearing or attachments from the trial court files and records which conclusively refute the claim.
We accordingly reverse the order of summary denial as to the two claims discussed above and remand the case to the trial court for further consideration of those claims. The order is otherwise affirmed.
MINER and PADOVANO, JJ., concur.