711 So.2d 256 (1998)
Vincent MEDINA, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2744.
District Court of Appeal of Florida, Third District.
June 3, 1998.
*257 Ellis Rubin, Jacksonville, and Robert I. Barrar, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Mark Rosenblatt, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and SHEVIN, JJ.
COPE, Judge.
Vincent Medina appeals an order denying his petition for writ of error coram nobis. We affirm.
In 1987, Medina, a resident alien, entered a plea of guilty to engaging in a scheme to defraud in violation of section 817.035(2), Florida Statutes (1985). He was sentenced to probation, which he has now completed. Apprehensive of possible exposure to deportation proceedings by reason of his criminal record, Medina filed a petition for writ error coram nobis. After an evidentiary hearing, the trial court denied relief, and Medina has appealed.
First, Medina's argument that he should have been advised of the possible deportation consequences of his plea is rejected. Florida Rule of Criminal Procedure 3.172(c)(8), which requires the trial court to inform a defendant of the possible immigration consequences of the plea, became effective January 1, 1989. See Peart v. State, 705 So.2d 1059, 1062 (Fla. 3d DCA 1998) (en banc). Medina entered his plea in 1987, prior to the rule change. For such pleas there is no postconviction relief based on a claimed failure to advise of immigration consequences, because there was no duty to render such advice at that time. See State v. Ginebra, 511 So.2d 960 (Fla.1987) (rejecting availability of Rule 3.850 relief); Chaar v. State, 685 So.2d 1037 (Fla. 3d DCA 1997) (rejecting availability of coram nobis relief).[1]
Second, Medina contends that his plea agreement was for a withholding of adjudication, and that the judgment incorrectly reflects that he was adjudicated guilty. We conclude that this claim is without merit. The plea colloquy is clear that the agreement was for an adjudication of guilt.
Third, Medina argues that he was under the influence of alcohol at the time that he entered his plea, thus rendering it involuntary, and that he is actually innocent of the charge for which he was convicted. In the plea colloquy, however, Medina affirmatively stated that he was not under the influence of any drugs or alcohol at the time of the plea, nor did he suffer from any mental illness. He will now not be heard to say otherwise.[2] Defendant's claim of actual innocence was not supported by any factual basis in the motion, nor testimony at the hearing, and thus this claim was also properly denied.
Affirmed.
NOTES
[1] More recently, this court has held that for pleas entered after the adoption of Rule 3.172(c)(8), coram nobis is not available for a failure to advise a defendant of deportation consequences of a plea, because the issue is one of law rather than fact. See Peart v. State, 705 So.2d at 1062-63.

On the coram nobis issue, this court certified direct conflict with Marriott v. State, 605 So.2d 985 (Fla. 4th DCA 1992), and Wood v. State, 698 So.2d 293 (Fla. 1st DCA 1997), review granted, 705 So.2d 571 (Fla.1998).
[2] Defendant's testimony at the evidentiary hearing was that he drank heavily the night before the sentencing hearing, and was hung over at the time of the hearing. His testimony did not support the proposition that he was under the influence of alcohol at the time of the plea.