785 So.2d 585 (2001)
The STATE of Florida, Appellant,
v.
Ralph RICHARDSON, Appellee.
No. 3D99-2400.
District Court of Appeal of Florida, Third District.
April 11, 2001.
Robert A. Butterworth, Attorney General, and Alison B. Cutler, Assistant Attorney General, for appellant.
The Law Firm of Alvarez & Garcia Montes and Gustavo J. Garcia Montes, for appellee.
*586 Before COPE, GREEN and SORONDO, JJ.

On Motion for Rehearing Granted
COPE, J.
The court grants the State's motion for rehearing, withdraws this court's previous opinion, and substitutes the following opinion.
The State appeals an order granting Ralph Richardson's petition for writ of error coram nobis. We reverse but certify a question to the Florida Supreme Court.

I.
In 1997, the Immigration and Naturalization Service ("INS") initiated deportation proceedings against defendant-appellee Richardson, on account of his criminal record. The INS seeks to deport him to Haiti, where he was born.
Defendant filed a petition for writ of error coram nobis, seeking to set aside his 1985 guilty plea in Dade County Circuit Court case number 85-1733, where he pled guilty to the charges of unlawful possession of cannabis and carrying a concealed firearm, and was placed on probation. He also sought to set aside his guilty plea in circuit court case number 86-8358, where he pled guilty to the charge of sale of cannabis. Adjudication in that case was withheld and he was sentenced to four consecutive weekends in jail.[1]
Defendant requested coram nobis relief on the basis that he was unaware of the deportation consequences of his pleas. He contended that if he had known of the immigration consequences he would not have entered into those plea agreements.
At the evidentiary hearing defendant testified, and the trial court found, that defendant had always believed he was born in Brooklyn, New York, and had always believed that he was a United States citizen. This was corroborated by one of defendant's siblings. Defendant had consistently reported Brooklyn as his birthplace on forms he filled out for his marriage license, selective service registration, and driver's license. Defendant introduced these documents into evidence.
According to the testimony, defendant's parents immigrated from Haiti to Brooklyn many years ago. While defendant's mother was on a visit to Haiti, defendant was born. Defendant and his mother returned to Brooklyn soon thereafter and he grew up there. The older siblings (in a family of ten children) were born in Haiti, while the younger children were born in Brooklyn. Although the State strenuously argued that defendant should not be believed, the trial court was convinced by the evidence and made a finding that the defendant at all relevant times believed that he was a United States citizen.
In 1997, after his father passed away, defendant made arrangements to travel to Haiti to look at some family property. He had never been out of the United States before. When applying for a passport he was required to produce a birth certificate and learned for the first time that his place of birth was actually Haiti.
Defendant obtained a passport and traveled to Haiti but on his return was stopped by immigration authorities. Because of his criminal record, the INS initiated deportation proceedings, and defendant filed his petition for writ of error coram nobis. The trial court granted the defendant's petition and vacated the convictions in defendant's 1985 and 1986 cases. The State *587 has appealed.[2]

II.
Defendant argues that the trial court's ruling is fully supported by the Florida Supreme Court's decision in Peart v. State, 756 So.2d 42 (Fla.2000), while the State contends that the present case is controlled by State v. Ginebra, 511 So.2d 960 (Fla.1987). Because the Florida Supreme Court has not explicitly receded from Ginebra, we conclude that we are obliged to reverse.
In Ginebra, the Florida Supreme Court held that deportation is a collateral consequence of a defendant's plea and that a defendant is not entitled to postconviction relief because the court or counsel failed to advise the defendant that a guilty plea could subject the defendant to deportation. Id. at 960-62. A defendant could obtain postconviction relief if he received positive misadvice concerning deportation, see State v. Sallato, 519 So.2d 605 (Fla. 1988), but not if there was simply a failure to advise or warn the defendant regarding possible deportation consequences.
Effective January 1, 1989, the court amended Florida Rule of Criminal Procedure 3.172 to require that during a plea colloquy, the court must advise a defendant regarding possible deportation consequences of the defendant's plea. Peart, 756 So.2d at 47 n. 5.[3] The new rule superseded Ginebra to the extent of any inconsistency. Id. Thus, the new rule was controlling for pleas entered during 1989 and thereafter.
In Peart, the court established the procedures to be followed where a defendant wishes to vacate a plea on account of deportation consequences. The five defendants who were part of the Peart appeal fell into two groups. Four of the defendants had entered their pleas after January 1, 1989, and claimed that the trial court had failed to advise them of possible deportation consequences as required by Rule 3.172(c)(8).[4] The remaining defendant had entered his plea prior to January 1, 1989, and alleged that he had received affirmative misadvice regarding deportation consequences.[5]
The defendant in the present case entered his pleas in 1985 and 1986, before the 1989 rule change. For pre-1989 cases the Florida Supreme Court has allowed a plea to be attacked only if the defendant received positive misadvice of counsel regarding immigration consequences of the plea. Sallato, 519 So.2d at 606. Defendant makes no such claim in this case.
Defendant instead contends that he proceeded under a misapprehension of fact *588 regarding his own citizenship and immigration statute. While under the spirit of the Peart decision relief ought to be granted, the problem we face is that the Florida Supreme Court has not explicitly receded from Ginebra for pre-1989 cases. Under Ginebra, deportation is considered to be a collateral consequence of a plea. 511 So.2d at 962. We are obliged to follow Ginebra and hold that the defendant is not entitled to relief.
The present case differs from most of the deportation-related cases exemplified by Peart and Ginebra. In the usual deportation-related case, the defendant knew that he or she was a foreign citizen. The problem addressed by Rule 3.172(c)(8), as well as Peart and Ginebra, is what warnings should be given to alert a foreign citizen regarding possible deportation consequences of a plea.
The present case differs, because the defendant was under misapprehension of fact regarding his own citizenship. There was no opportunity for the defendant to investigate, or inquire, regarding possible deportation consequences because defendant believed that he was a United States citizen. The claim here is not that there was some failure on the part of court, or counsel, to warn him. The claim is that there was a misapprehension of an essential fact, which undermines the voluntariness of the plea.
While the defendant's circumstances are distinguishable from those considered in Ginebra, we conclude that Ginebra nonetheless is a barrier to affording relief here because Ginebra declares broadly that deportation is a collateral consequence of a plea. 511 So.2d at 960-62.
Having said that, we believe that the intent of Peart was to make postconviction relief available where the defendant can establish a lack of awareness of the deportation consequences of the plea. We would urge the court to consider whether the relief granted in Peart should be extended to those who entered into pleas prior to January 1, 1989.
We certify that we have passed on a question of great public importance:
Whether a defendant is entitled to vacate his 1985 and 1986 pleas on account of a lack of awareness of deportation consequences, because he mistakenly believed that he was a United States citizen.

III.
The State argues alternatively that the order must be reversed in any event because the defendant did not use due diligence to find out his true birthplace, and that he could have learned it at any time by making a more diligent inquiry. In ruling as it did, the trial court necessarily rejected this argument. The defendant argued that it was not until he became an adult and applied for a passport that he had to locate written proof of his birthplace, and only at that time learned that his birthplace was Haiti. The trial court concluded that the defendant was being truthful about this matter and we see no basis on which to second guess the trial court's decision.
The State also says that the defendant has been guilty of laches, because the defendant is seeking at this time to vacate pleas which he entered into in 1985 and 1986. This is in substance the same due diligence argument which was rejected by the trial court. Further, the defendant filed this petition within two years after the onset of deportation proceedings, which is the time frame prescribed in Peart. 756 So.2d at 46.

*589 IV.
For the reasons stated, we reverse the order now under review but certify a question to the Florida Supreme Court.
Reversed; question certified.
NOTES
[1] The record indicates that defendant also has a conviction from Escambia County, but the just-cited cases from Dade County are the only ones involved in the present proceeding.
[2] The Florida Supreme Court has explained that for claims filed on and after May 27, 1999, the defendant should proceed by motion under Florida Rule of Criminal Procedure 3.850, rather than petition for writ of error coram nobis. See Peart v. State, 756 So.2d 42, 45-46 (Fla.2000). Although the present proceeding was filed in August 1999 and therefore should have been a 3.850 motion, rather than a petition for writ error coram nobis, the procedural error makes no difference and we treat the matter as if a 3.850 motion had been filed.
[3] The rule requires the court to advise each defendant "that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United Stated Immigration and Naturalization Service." Fla. R.Crim. P. 3.172(c)(8); see In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992, 992-94 (Fla.1988).
[4] These were Roan Peart (1993 plea), Jose Jimenez (1990 plea), Andrew Moses Evans (1990 plea), and Jorge Prieto (1994 plea). Peart v. State, 705 So.2d 1059, 1060-61 (Fla. 3d DCA 1998), quashed, 756 So.2d at 48.
[5] That defendant, Victor Ross, entered his plea in 1980. Peart, 705 So.2d at 1061.