789 So.2d 1199 (2001)
The STATE of Florida, Appellant,
v.
Jorge PANIAGUA, Appellee.
No. 3D00-2556.
District Court of Appeal of Florida, Third District.
July 18, 2001.
Robert A. Butterworth, Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellant.
Wilfredo O. Allen, for appellee.
Before LEVY, FLETCHER and SORONDO, JJ.
PER CURIAM.
The state appeals the trial court's order vacating defendant's judgment of conviction and sentence.
On January 26, 1987, defendant entered a plea of no contest to the charges of possession of cocaine and carrying a concealed weapon. He was sentenced to the time he had served and adjudication of guilt was withheld. On July 7, 2000, he filed a motion for writ of error coram nobis, also invoking rules 3.850 and 3.172(c)(8) of the Florida Rules of Criminal Procedure. The trial court granted this motion on July 18, 2000, and the state filed this timely appeal.
The facts in the present case are almost identical to those in Medina v. State, 711 So.2d 256 (Fla. 3d DCA 1998). As in Medina, defendant entered his plea two years before rule 3.172(c)(8), which requires the trial court to inform defendants of the possible immigration consequences of their plea, became effective. Post conviction relief is unavailable "on a claimed failure to advise of immigration consequences, because there was no duty to render such advice at that time." Id. at 257. See also State v. Ginebra, 511 So.2d 960 (Fla.1987); State v. Richardson, 785 So.2d 585 (Fla. 3d DCA 2001).
We reverse the lower court's order and remand with directions to reinstate the judgment and sentence below.
Reversed and remanded.