790 So.2d 581 (2001)
Lazaro DIAZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2637.
District Court of Appeal of Florida, Third District.
August 1, 2001.
*582 Lazaro Diaz, in proper person.
Robert A. Butterworth, Attorney General, and Margaret Brenan, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and RAMIREZ, JJ.
PER CURIAM.
Lazaro Diaz appeals an order denying post-conviction relief. We affirm.
Diaz filed a motion for post-conviction relief, seeking to set aside Florida convictions entered in 1980 and 1982 pursuant to plea agreements. Diaz has since served those sentences and is now in federal custody on a later federal conviction.
Diaz' post-conviction motion contends that he is entitled to relief because at the time of his plea agreements in the early 1980s, he was not advised of possible deportation consequences. He contends that he is subject to being deported on account of the Florida prior convictions.[1] Diaz' motion is timely because it was filed within the window period created by Wood v. State, 750 So.2d 592 (Fla.1999).
We affirm the denial of relief. At the time Diaz entered his pleas, there was no duty to advise a defendant of possible immigration consequences. State v. Ginebra, 511 So.2d 960 (Fla.1987)[2]; State v. Paniagua, 789 So.2d 1199 (Fla. 3d DCA 2001); State v. Richardson, 785 So.2d 585 (Fla. 3d DCA 2001); Medina v. State, 711 So.2d 256 (Fla. 3d DCA 1998).
While Diaz is not entitled to state court relief, he may be able to obtain relief through federal immigration procedures. See Immigration and Naturalization Serv. v. St. Cyr, ___ U.S. ___, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).
Affirmed.
NOTES
[1] He states that he is presently appealing his federal conviction.
[2] With respect to the immigration consequences of a plea, Ginebra has been superseded by amendment to Florida Rule of Criminal Procedure 3.172 for sentences imposed after January 1, 1989. Peart v. State, 756 So.2d 42 (Fla.2000); State v. De Abreu, 613 So.2d 453 (1993).