790 So.2d 613 (2001)
Reinaldo ORELLANES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2077.
District Court of Appeal of Florida, Third District.
August 8, 2001.
Reinaldo Orellanes, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE, SHEVIN, and RAMIREZ, JJ.
PER CURIAM.
Reinaldo Orellanes appeals an order summarily denying his petition for writ of error coram nobis.[1] We affirm.
Orellanes entered a guilty plea on July 28, 1981 to charges of carrying a concealed firearm and unlawful possession of cannabis. The trial court withheld adjudication and placed him on probation for eighteen months. Apparently, Immigration and Naturalization Services has recently placed a detainer on Orellanes which seeks his deportation, thus creating the necessity for Orellanes' petition below. The trial court denied the petition because at the time of *614 the plea in this case, there was no requirement that the defendant be advised of the immigration consequences of a guilty plea.
We agree and affirm on the authority of State v. Ginebra, 511 So.2d 960 (Fla. 1987);[2]State v. Paniagua, 789 So.2d 1199 (Fla. 3d DCA 2001); State v. Richardson, 785 So.2d 585 (Fla. 3d DCA 2001); Medina v. State, 711 So.2d 256 (Fla. 3d DCA 1998).
Affirmed.
NOTES
[1] As we pointed out in State v. Richardson, 785 So.2d 585, 587 n. 2 (Fla. 3d DCA 2001), the Florida Supreme Court explained in Peart v. State, 756 So.2d 42, 48 (Fla.2000) that for claims filed on and after May 27, 1999, the defendant should proceed by motion under Florida Rule of Criminal Procedure 3.850, rather than petition for writ of error coram nobis. The present proceeding was apparently filed in May 2000 and therefore should have been instituted by a 3.850 motion, rather than a petition for writ error coram nobis. We treat the matter as if a 3.850 motion had been filed.
[2] With respect to the immigration consequences of a plea, Ginebra has been superseded by amendment to Florida Rule of Criminal Procedure 3.172 for sentences imposed after January 1, 1989. See Peart v. State, 756 So.2d 42 (Fla.2000); State v. De Abreu, 613 So.2d 453 (1993).