COPE, J.
Luis C. Rodriguez appeals an order denying his motion for postconviction relief. We affirm.
Defendant-appellant Rodriguez filed a motion for postconviction relief contending that he was not advised of the possibility that his plea in Miami Dade County Circuit Court case numbers 86-27866 and 90-45133 could result in his deportation. As a preliminary matter, the defendant’s post-conviction motion is premature, see Rodriguez v. State, 789 So.2d 548 (Fla. 3d DCA 2001), but in the interest of efficiency we address the merits and agree entirely with Judge Dresnick’s order.
The plea in circuit court case number 86-27866 was entered in 1987. At that time, there was no duty to advise a defendant of deportation consequences. State v. Ginebra, 511 So.2d 960 (Fla.1987);* State v. Richardson, 785 So.2d 585 (Fla. 3d DCA 2001).
The plea in circuit court case number 90-45133 was entered in 1991. At that time the Florida Rule of Criminal Procedure 3.172(c)(8) required that a defendant be warned of possible deportation consequences of a plea. The plea colloquy in this case reflects that the defendant was so advised.
As the defendant is not entitled to any relief from either of these pleas, the order denying postconviction relief is affirmed.

 Ginebra was superseded by amendment to Florida Rule of Criminal Procedure 3.172 for sentences imposed after January 1, 1989. See Peart v. State, 756 So.2d 42 (Fla.2000); State v. DeAbreu, 613 So.2d 453 (Fla.1993).