847 So.2d 564 (2003)
Evelio RODRIGUEZ-GRAVE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-3409.
District Court of Appeal of Florida, Third District.
June 11, 2003.
Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jason Helfant, Assistant Attorney General, for appellee.
Before GERSTEN, GODERICH, and WELLS, JJ.
*565 PER CURIAM.
Evelio Rodriguez-Grave appeals an order dismissing his rule 3.850 motion to withdraw plea and vacate judgment and sentence. That motion, filed October 2000, claims only that Rodriguez-Grave had not been informed at the time that he pled guilty in 1981 to robbery and second-degree murder that he might be subject to deportation as a consequence of this plea. We affirm.
In State v. Richardson, 785 So.2d 585, 588 (Fla. 3d DCA 2001), we concluded that for "pre-1989 cases the Florida Supreme Court has allowed a plea to be attacked only if the defendant received positive misadvice of counsel regarding immigration consequences of the plea." No such attack is made here. The order is, therefore, affirmed. See Ghanavati v. State, 820 So.2d 989 (Fla. 4th DCA 2002)("We agree with the third district [in Richardson] that State v. Ginebra, 511 So.2d 960, 961 (Fla.1987) (finding deportation to be a collateral consequence of which the trial court was not required to advise [prior to January 1, 1989]), still controls with respect to pleas entered prior to the change in rule 3.172"); see also Perdomo v. State, 837 So.2d 1089 (Fla. 3d DCA 2003); Orellanes v. State, 790 So.2d 613 (Fla. 3d DCA 2001); Diaz v. State, 790 So.2d 581 (Fla. 3d DCA 2001); Contino v. State, 790 So.2d 576 (Fla. 3d DCA 2001); State v. Paniagua, 789 So.2d 1199 (Fla. 3d DCA 2001); Del Pino v. State, 785 So.2d 1263 (Fla. 3d DCA 2001).
Affirmed.