880 So.2d 802 (2004)
Ricky SLATER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2369.
District Court of Appeal of Florida, Fifth District.
August 13, 2004.
*803 James F. Cummins, Inverness, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Ricky Slater appeals the denial of his motion for post-conviction relief. He argues on appeal that the trial judge should have set aside his pleas of no contest because the sentencing court and his attorney failed to advise him that as a result of his plea, his parental rights would be terminated. We affirm.
Slater was charged by indictment with first-degree murder and aggravated child abuse. The victims were his twin sons. Slater entered pleas of no contest to aggravated manslaughter of a child and aggravated child abuse in exchange for sentences of 15 years in the Department of Corrections and 15 years of probation, to be served consecutively. After he entered his plea, Slater appeared in court in connection with a petition to terminate his parental rights to the surviving son. After consulting with his attorney, Slater signed an agreement terminating his parental rights to the surviving son. The dependency court accepted the agreement, and the court terminated Slater's parental rights. He argues on appeal that had he known his parental rights were going to be terminated, he would not have entered the no contest pleas. Further, he argues that the trial court should have advised him of the potential for termination of his parental rights because it was a direct rather than a collateral consequence of his plea.
A trial judge's obligation to ensure that the defendant understands the direct consequences of his plea has been consistently interpreted to encompass only those consequences of the sentence that the trial court can impose. Major v. State, 814 So.2d 424, 426 (Fla.2002) (quoting State v. Ginebra, 511 So.2d 960, 961 (Fla. 1987)). The trial court is under no duty to inform a defendant of the collateral consequences of a guilty plea. Id. (quoting Ginebra, 511 So.2d at 960-961). "The distinction between `direct' and `collateral' consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Id. at 429 (quoting Daniels v. State, 716 So.2d 827, 828 (Fla. 4th DCA 1998)).
This issue has arisen in a variety of contexts. For example, it has been held that the sexual offender registration requirement is a collateral consequence of a plea to a sexual offense because the registration requirement has absolutely no effect on the range of the defendant's punishment for the crime. State v. Partlow, 840 So.2d 1040 (Fla.2003). Being required *804 to report to the Florida Department of Law Enforcement as a felon is a collateral consequence. Cella v. State, 831 So.2d 716 (Fla. 5th DCA 2002). That a conviction may be used to enhance a sentence for subsequently committed crimes is a collateral consequence. Major, 814 So.2d 424. The possibility of civil commitment under the Jimmy Ryce Act is a collateral consequence because a civil commitment is not automatic upon a conviction. Watrous v. State, 793 So.2d 6 (Fla. 2d DCA 2001). On the other hand, an automatic minimum mandatory sentence is a direct consequence. State v. Coban, 520 So.2d 40 (Fla. 1988).[1]
Based on the above case law, we conclude that termination of parental rights is a collateral consequence of pleas of no contest to aggravated manslaughter of a child and aggravated child abuse. Termination of parental rights is not a direct or immediate consequence of such pleas and is not a punishment. It is not automatic, but instead entails the discretion of the Department of Children and Families. Further, termination of parental rights has no bearing on the range of punishment a sentencing court may impose. We add that in this case, it was Slater himself who, after conferring with counsel, entered a written agreement to surrender his parental rights.
AFFIRMED.
PETERSON and MONACO, JJ., concur.
NOTES
[1] There is conflict over whether driver's license revocation is collateral or direct. Compare State v. Bolware, 28 Fla. L. Weekly D2493, 2003 WL 22460271, ___ So.2d ___ (Fla. 1st DCA 2003) (driver's license revocation is not a direct consequence because it is not a "punishment") (with Daniels, 716 So.2d 827 (driver's license revocation is a direct consequence because, mandated by statute, it is a direct, immediate, and automatic penalty upon conviction)).