PER CURIAM.
Crystal Purcell appeals the order denying her pre-sentence motion to withdraw her no contest plea and the judgment and sentence that the trial court entered based on that plea. Because Purcell established good cause to withdraw the plea, we reverse.
The State charged Purcell with two counts of child abuse, pursuant to section 827.03(2)(c), Florida Statutes (2015). She entered a no contest plea to these charges. Prior to sentencing, Purcell moved to withdraw her plea, alleging good cause because her attorney failed to inform her of the negative consequences a plea would have in the corresponding dependency case. Following a hearing, the trial court denied the motion.
"Failure to inform a defendant of a collateral consequence of a plea cannot render a plea involuntary." Brown v. State, 943 So. 2d 899, 901 (Fla. 5th DCA 2006) (citing State v. Partlow, 840 So. 2d 1040 (Fla. 2003) ). This Court has previously held that the potential for the termination of parental rights is a collateral consequence to a plea. Slater v. State, 880 So. 2d 802, 804 (Fla. 5th DCA 2004). This Court explained:
Termination of parental rights is not a direct or immediate consequence of such pleas and is not a punishment. It is not automatic, but instead entails the discretion of the Department of Children and Families. Further, termination of parental rights has no bearing on the range of punishment a sentencing court may impose.
Id.
However, "[w]hen a defendant files a motion to withdraw his plea prior to sentencing, pursuant to Florida Rule of Criminal Procedure 3.170(f), he is entitled to withdraw his plea as a matter of right when good cause is shown." Johnson v. State, 947 So. 2d 1208, 1210 (Fla. 5th DCA 2007). "Failure to inform [a defendant] of [a] collateral consequence may not have rendered the plea involuntary, but ... ignorance of it does meet the 'good cause' test for a pre-sentence plea withdrawal." Id.
Thus, while failing to inform Purcell of the collateral consequence of the *1152 termination of her parental rights may not have rendered her plea involuntary, her ignorance of the consequence does establish good cause.
REVERSED and REMANDED.
WALLIS, EDWARDS and HARRIS, JJ., concur.